Judgment reversed and new trial ordered, with thirty dollars costs to appellant to abide the event.

All concur; present, LEVY, CALLAHAN and PETERS, JJ.

In the Matter of Supplementary Proceedings: NEW YORK PLUMBERS SPECIALTIES Co., INC., Judgment Creditor, Respondent, v. PHILIP STEIN, Judgment Debtor, Appellant.

Supreme Court, Appellate Term, First Department, May 14, 1931.

*Isidore Lowenbraun,* for the appellant.

*Abraham J. Halprin* [*Abraham J. Halprin* and *Irving Barry* of counsel], for the respondent.

*Albert Hirst,* for New York State Life Underwriters Association, *amicus curiæ.*

CALLAHAN, J. This is an appeal from an order denying a motion to vacate a third party order in supplementary proceedings directed to an insurance company which had issued a policy of insurance on the life of the debtor.

The policy was issued in 1928, the debtor's wife being named as beneficiary. The judgment on which these proceedings were based was procured in December, 1929. The third party order was dated March 17, 1930, and was served on March 19, 1930. In April, 1930, an order was procured appointing a receiver of the debtor's property. On June 20, 1930, a dividend became due under the policy. By the terms of that contract it was payable in one of the following ways at the election of the insured: *First,* in cash; *second,* to be applied toward the payment of premiums; *third,* to be applied toward the purchase of additional insurance; *fourth,* to be allowed to accumulate at compound interest. The policy provided that if the assured did not make an election within three months dividends were to be applied toward the purchase of additional insurance. It further provided that any additional insurance and any dividend accumulations unpaid at the maturity of the policy were payable to the beneficiary. It appears in the instant case that no election was made by the assured within three months after June 20, 1930.

Property acquired by a debtor after the appointment of a receiver does not vest in the receiver. (*Du Bois* v. *Cassidy,* 75 N. Y. 298; *People ex rel. Durall* v. *Cocks,* 162 App. Div. 453; *Matter of Walker,* 157 id. 609.) No order appears to have been procured herein after June 20, 1930, with respect to these after-acquired dividends. Therefore, on September 20, 1930, by operation of the terms of the policy, the dividends were used to procure additional insurance. Under such circumstances, there appears to be no property in the hands of the insurance company available to pay creditors' claims, and the third party order should have been vacated.

Whether or not section 55-a of the Insurance Law (as added by Laws of 1927, chap. 468) exempts the dividend involved herein from the claim of creditors was discussed at great length by counsel on this appeal. For the reasons above stated we do not deem it essential to pass on that question. However, as the same question

may arise in connection with future dividends herein we feel it necessary to point out that we are not holding by this decision that such premiums would not be exempt under section 55-a, at least, unless the judgment debtor had exercised his election to have such dividends paid to him in cash.

The courts have decreed that a liberal interpretation should be placed on section 55-a. (*Chatham & Phenix Nat. Bank & Trust Co.* v. *Crosney*, 251 N. Y. 189.) Ordinary cash dividends on capital stock payable to a debtor would unquestionably create a property interest that might be reached by creditors. Whether or not the courts would consider dividends due under a life insurance policy in the same light when the policy is payable to a third person as beneficiary where the assured has various options with respect to the use to which the dividends may be put, is not certain. It might well be that the courts would determine that unless the assured exercised his option to have such dividends payable to him in cash they would be exempt from the attachment by creditors provided no intent to defraud was shown.

It was held in *Matter of Messinger* (29 F. [2d] 158; certiorari denied, 279 U. S. 855) that section 55-a of the Insurance Law was an exemption act and that, therefore, although the assured had reserved the right under the policy to assign it to himself, the cash surrender value was not an asset available to creditors in bankruptcy. It had been held prior to the adoption of section 55-a that a bankrupt could be compelled to turn over to his creditors the cash surrender value of a life insurance policy. As dividends are available for the payment of premiums or increase of insurance, it would appear a reasonable interpretation to hold that such dividends were " proceeds and avails " of the policy and subject to the exemption of the statute.

We have examined the recent case of *United States Mortgage & Trust Company* v. *Ruggles* (232 App. Div. 9), but find that in view of the diversity of facts involved, said decision does not in any way affect this matter.

Order reversed, with ten dollars costs and disbursements, and motion granted. Costs to be applied upon the judgment.

All concur; present , LEVY, CALLAHAN and PETERS, JJ.