Hugo Wittman, Plaintiff, *v.* Henry W. Littlefield and Others, Defendants.

Supreme Court, New York County, March 3, 1932.

*Millard H. Ellison* [*Albert Lyons* of counsel], for the plaintiff.

*Louis H. Cooke* [*Ferdinand H. Pease* of counsel], for the defendant New York Life Insurance Company.

*Clark, Reynolds & Hinds,* for the defendants Littlefield.

McCOOK, J. This is an action by a judgment creditor of the defendant Henry W. Littlefield to set aside his assignment to his wife (also a defendant) of the disability benefits under two insurance policies on his life, as fraudulent and without consideration.

The defendant insurance company and the defendants Littlefield have interposed in their several answers, in addition to a general denial, three and four affirmative defenses, respectively. Plaintiff moves to strike out these defenses for insufficiency.

The first defense in the answer of the defendants Littlefield and the second defense in the answer of the insurance company purport to set up an exemption by virtue of section 55-a of the Insurance Law (as added by Laws of 1927, chap. 468). Plaintiff urges that the statute has reference only to the life insurance policy proper, and does not apply to disability benefits. " The courts have decreed that a liberal interpretation should be placed on section 55-a." (CALLAHAN, J., in *New York Plumbers Specialties Co., Inc.,* v. *Stein,* 140 Misc. 161, 163, citing *Chatham & Phenix Nat. Bank & Trust Co.* v. *Crosney,* 251 N. Y. 189.) (See, also, *Matter of Messinger,* 29 F. [2d] 158; certiorari denied, 279 U. S. 855.) The statute exempts the "proceeds and avails" of the policy. The disability clauses are customarily combined with and included in our present day insurance policies. (Insurance Law, § 70, as amd.) It is only fair to regard the disability benefits as within the purview of section 55-a. Accordingly I hold these defenses good.

The first defense in the answer of the insurance company is defective in that it fails to allege that the insured became and is insane.

The third defense in the insurance company's answer and the second, third and fourth defenses in the answer of the defendants Littlefield are insufficient in law. The only issue in the case is the validity of the assignment and the effect of section 55-a. The matters raised in said defenses do not, in my opinion, affect the issue, or constitute a defense.

The motion is granted to the extent of striking out the first and third defenses in the answer of the defendant insurance com-

pany and the second, third and fourth defenses in the answer of the defendants Littlefield; in all other respects the motion is denied. Leave is given the defendant insurance company to serve an amended answer within ten days from service of a copy of this order with notice of entry.