RANDIK REALTY CORPORATION, Plaintiff, *v.* BENJAMIN MOSEYEFF
Defendant.

City Court of New York, New York County, April 3, 1933.

*Louis Broido* [*Milton S. Harrison* of counsel], for the judgment creditor.

*Reuben S. Lind,* for the judgment debtor.

*Albert Hirst,* for the New York State Life Underwriters Association, *amicus curiæ.*

LIPPE, J.  Motion to vacate a third party order dated February 9, 1933, directed to the Equitable Life Assurance Society.  The order was granted upon an affidavit claiming that the insurance society had property of the judgment debtor (consisting of alleged rights to cash dividends) which should be applied toward payment of the judgment.  Under the provisions of the policy the insured had the right to certain elections: (1) To receive these dividends in cash; (2) to have same applied toward payment of any premium due. The insured elected to apply same toward payment of premiums due. Section 55-a of the Insurance Law, entitled " Rights of creditors and beneficiaries under policies of life insurance," provides that lawful beneficiaries shall be entitled to the proceeds and avails against creditors of the insured with certain exceptions.  No exemptions or immunities are granted to the insured.  The question presented for determination here is whether such dividends are exempt under section 55-a where the insured has failed to elect to receive such dividends in cash but has elected to have same applied to premiums due.  The court is of the opinion that to vest the property right in said dividends in the insured, the insured must first elect to receive same in cash.  By his election to apply same to the payment of premiums due the dividends continue to be part of the proceeds and avails of said policy inuring to the benefit of the beneficiary and exempt from

any right of recourse thereto by the creditor of the insured. This determination is in accord with decisions requiring said section to be liberally construed and in harmony with the construction placed thereon in *New York Plumbers Specialties Co.* v. *Stein* (140 Misc. 161) and *Wittman* v. *Littlefield* (142 id. 916; affd. without opinion, 235 App. Div. 831) and other authorities cited on this motion. There being no property of the judgment debtor in the hands of the third party, and the dividends being exempt from recourse thereto by the judgment creditor, the order must be vacated.

Motion granted; order vacated, with ten dollars costs to the judgment debtor, to be applied on account of the judgment. Order signed.