## SCHWARTZ v. HOLZMAN.
### No. 192.

Circuit Court of Appeals, Second Circuit.
March 12, 1934.

Celler & Kraushaar, of New York City (Meyer Kraushaar, of New York City, of counsel), for plaintiff-appellee and appellant.

Silberman & Steinfeld, of Brooklyn, N. Y. (Jacob B. Steinfeld, of Brooklyn, N. Y., of counsel; Herman Gross, of Brooklyn, N. Y., on the brief), for defendant-appellant and appellee.

Before L. HAND, SWAN, and CHASE, Circuit Judges.

CHASE, Circuit Judge.

The plaintiff, as trustee in bankruptcy of Arthur C. Holzman, the husband of the defendant, sued to recover three sums of money received by the defendant which it was claimed (1) were recoverable preferential payments made by the bankrupt to her, and (2) were transfers by the bankrupt with intent to hinder, delay, and defraud his creditors. The second cause of action was not sustained and the plaintiff has acquiesced. Recovery was allowed in part under the first cause of action, and both parties appealed.

Arthur C. Holzman was adjudicated a bankrupt on his voluntary petition on September 17, 1931. At that time his wife, the defendant, was liable as indorser on his note payable to the Brooklyn Trust Company on which there was due $5,150. The trial judge found that the defendant received $2,500 from the bankrupt in June, 1931, and that it was a voidable preference. The claim that it was a fraudulent transfer is no longer urged, and the only fault now found by the defendant with the decree in respect to the $2,500 is that the evidence was insufficient to support the finding that the defendant received this money from the bankrupt. This issue must be resolved by deciding whether to believe that the defendant was correct when she testified at the first meeting of creditors that she did receive the $2,500 from her husband in June or was incorrect as she subsequently claimed and attempted to prove at the trial of this case. This question of fact was one which the District Judge was in a much better position to decide than are we. It was essentially a question of the credibility of the defendant, and he had the advantage of being present when she attempted to explain that her previous testimony was wrong. Put very bluntly, the thing we are now asked to do is to reverse the finding of the trial judge because after seeing and hearing the defendant testify in explanation of her previous admission he refused to believe her. We must decline to deal in such an arbitrary way with findings of fact so dependent upon the credibility of a witness who has testified before the trial judge. To secure a reversal on the facts it must be shown clearly that a mistake has been made.

The remaining part of the appeal relates to the receipt of $3,861.41 in July. This amount was the sum of the cash surrender value of two policies of life insurance which the bankrupt had taken out some years before upon his own life. The defendant was the beneficiary named in each policy. Each policy contained a clause reserving to the insured the right to change the beneficiary, but when the policies were surrendered he had not elected to make any such change and the checks were drawn payable jointly to the bankrupt, the insured, and the defendant, the beneficiary. They were received by the bankrupt, indorsed by him and given to his wife who indorsed them herself and deposited them

in her own account. Whether the money so received by her may be recovered in this action depends upon the effect to be given section 55-a of the New York Insurance Law (Consol. Laws N. Y. c. 28) as amended effective March 31, 1927 (Laws 1927, c. 468). It reads:

*"Rights of creditors and beneficiaries under policies of life insurance.* If a policy of insurance, whether heretofore or hereafter issued, is effected by any person on his own life or on another life, in favor of a person other than himself, or, except in cases of transfer with intent to defraud creditors, if a policy of life insurance is assigned or in any way made payable to any such person, the lawful beneficiary or assignee thereof, other than the insured or the person so effecting such insurance, or his executors or administrators, shall be entitled to its proceeds and avails against the creditors and representatives of the insured and of the person effecting the same, whether or not the right to change the beneficiary is reserved or permitted, and whether or not the policy is made payable to the person whose life is insured if the beneficiary or assignee shall predecease such person; provided, that, subject to the statute of limitations, the amount of any premiums for said insurance paid with intent to defraud creditors, with interest thereon, shall enure to their benefit from the proceeds of the policy; but the company issuing the policy shall be discharged of all liability thereon by payment of its proceeds in accordance with its terms, unless before such payment the company shall have written notice, by or in behalf of a creditor, of a claim to recover for transfer made or premiums paid with intent to defraud creditors, with specification of the amount claimed."*

We have already held that, where the insurance is in force at the time of bankruptcy, this statute exempts the proceeds and avails of such insurance policies from the claims of creditors which arose after the statute took effect. In re Messinger (C. C. A.) 29 F. (2d) 158, 68 A. L. R. 1205. This case differs in that here the policies were surrendered before the petition in bankruptcy was filed. It is not claimed that any premiums were paid on this insurance with intent to defraud creditors. Had there been no surrender before bankruptcy, the trustee could not have reached the cash surrender value. In re Messinger, supra.

While it is plain that the insured cannot surrender such a policy of insurance as either of those here involved and by receiving the cash value keep so much for his own use despite the claims of his creditors, the statute does provide, so far as now material, that, where insurance is effected by any person either on his own life or on that of another, and is in favor of a person other than himself, the lawful beneficiary shall be entitled to the proceeds and avails against creditors of the insured. The defendant was the lawful beneficiary named in each policy and did get the cash surrender value. The checks required her indorsement for payment, and the bankrupt never had the checks with her indorsement upon them. To be sure she had no such interest in the policies that she could have compelled their surrender or could have compelled payment of the cash value to her upon surrender. But she was the person described in the statute as the one entitled, as against creditors of the insured, to the proceeds and avails of the policies. The money she actually received when the policies were surrendered was the proceeds of the policies. When she got it she became entitled to hold it against the claims of creditors of the insured under the terms of the statute, for the statute is to be given a liberal interpretation, Chatham Phenix National Bank & Trust Co. v. Crosney, 251 N. Y. 189, 167 N. E. 217, and the exemption is not limited to the proceeds and avails at any particular time. So far as we are able to discover, the New York courts have not construed this statute, on the point now presented. In New York Plumbers Specialties Co. v. Stein, 140 Misc. 161, 250 N. Y. S. 220, the right of creditors to dividends paid upon an insurance policy was raised and the effect of section 55-a of the Insurance Law (Consol. Laws N. Y. c. 28) as added by Laws N. Y. 1927, c. 468, was suggested only to be reserved. See, also, Wittman v. Littlefield, 142 Misc. 916, 256 N. Y. S. 471; Addiss v. Selig, 147 Misc. 731, 264 N. Y. S. 816. Until we are advised by an authoritative decision that this New York statute should be otherwise construed, we are of the opinion that it applies to the proceeds and avails of such insurance policies as these when they are paid to the lawful beneficiary. As the beneficiary may take them as against the rights of creditors of the insured, the trustee in bankruptcy of the insured cannot maintain an action against the beneficiary to recover them. To be sure, the named beneficiary is only entitled as of contract right to the proceeds of a life insurance policy, when the right to change the beneficiary has been reserved by the insured, which are payable to the beneficiary upon fulfillment of the

conditions named in the policy. Strictly then the named beneficiary is not a beneficiary so far as the proceeds and avails are concerned when the policy is surrendered by the insured during his life for the cash value. The statute, however, applies the term "proceeds and avails" generally, and, while it does not require them to be paid to the lawful beneficiary named in the policy, it does permit such beneficiary to whom they are paid to hold them against the claims of creditors of the insured. Otherwise the statute would apply only to the potential proceeds and avails while the insurance was in force, and we cannot believe the language used can be given so narrow an interpretation without nullifying in part the intention of the Legislature.

Decree affirmed.