242 WEST 38TH STREET CORPORATION, Judgment Creditor, Plaintiff, *v.* BENJAMIN MEYROWITZ, Judgment Debtor, Defendant.*

Supreme Court, Special Term, New York County, April 3, 1936.

* Affd., 248 App. Div. 708.

*Samuel Komoroff,* for the motion.

*Leonard R. Hanower,* in opposition.

*Louis H. Cooke,* for the New York Life Insurance Company, third party.

CHURCH, J. Motion to direct the insurance company to pay on the next policy anniversary date to the plaintiff the amount of the dividends held by the company is granted. These dividends have been permitted to accumulate under the provision of option (d) and might have been and can be withdrawn in cash by the insured on any anniversary date of the policy. They do not come within the protection of section 55-a of the Insurance Law. Submit order.

### ON MOTION FOR REARGUMENT OF PRIOR MOTION.

The original motion herein was by a judgment creditor for an order pursuant to section 794 of the Civil Practice Act directing the New York Life Insurance Company to pay over the sum of $265, representing so-called dividends applicable to a policy of insurance issued by the said company to the judgment debtor, wherein the latter's wife is named as beneficiary. The fund in question represents dividends applicable to said policy beginning with the year 1925. The motion was granted. The present application for a reargument of the motion is made by the New York Life Insurance Company. It appears that in his application the insured exercised option (b), thereby directing that any dividends upon the policy be applied to the payment of premiums. No copy of the application or the policy was furnished upon the original motion. A copy of each is submitted with the present application. The affidavit of the judgment debtor submitted in opposition to the original motion states: " In the application for the issuance of this policy I elected to have the dividends applied toward the payment of

premiums under the provisions of the policy, which are as follows: * * * Subsequent to the issuance of the policy, I did not apply the dividends applicable to said policy for the years 1925 and subsequent thereto, but preferred to leave the dividends accumulate at interest under option (d) contained in the policy, it being my intention at that time to allow the dividends to accumulate until such time as the cash value thereof, together with the cash value of the policy, equalled the net single premium of a fully paid policy, and then to receive from the Insurance Company such a full paid policy upon which there would be no further premiums to pay."

Submitted in opposition to the original motion was the copy of a letter dated March 4, 1936, signed by the general counsel for the New York Life Insurance Company, the same attorney who makes the present application for reargument. In that letter appears the following: " However the dividends for 1925 and 1926 were not withdrawn, and it is the rule of the company where dividends for two years in succession are not withdrawn and we have on file a selection of option as mentioned above, that the dividend option is automatically changed to show that dividends are to be left with the company to accumulate at interest. In view of this practice and the fact that the 1925 and 1926 dividends under this policy were not withdrawn, we automatically changed the dividend records to show that the 1927 and future dividends were to be left at interest." Thus it is apparent that both the insurance company and the insured agreed that the dividends in question were being left with the company at interest under option (d) of the policy, which provides that dividends left to accumulate at interest are " withdrawable in cash by the Insured on any anniversary." This appears to have been done in the case of the 1933 dividend, because the letter referred to above states: " All dividends with the exception of the 1933 dividend were withdrawn on June 12, 1933."

The case of *New York Plumbers Specialties Co., Inc.,* v. *Stein* (140 Misc. 161) and other cases cited in support of the application for reargument, were concerned with a different state of facts than presented in this motion.

The motion for reargument is accordingly denied, with ten dollars costs to the judgment creditor.