In the Matter of Supplementary Proceedings: ROBRO REALTY CORPORATION, Judgment Creditor, *v.* MORRIS LAZARUS, Judgment Debtor.

In the Matter of Supplementary Proceedings: ROBRO REALTY CORPORATION, Judgment Creditor, *v.* MARCUS DIRER, Judgment Debtor.

City Court of New York, New York County, April 13, 1936.

*Irving Kay*, for the judgment debtors.

*Louis Lazarus*, for the judgment creditor.

MÁDIGAN, J. Invoking section 55-a of the Insurance Law, each of these judgment debtors contends that dividends, declared in connection with policies of life insurance, are not to be affected by third-party proceedings, supplementary to judgment, instituted, in each instance, by a judgment creditor of the insured.

The judgment creditor asserts that third-party orders and subpœnas were served prior to any election, by either of the judgment debtors, to have dividends applied on premiums. Assuming that to be true, it seems immaterial on these applications, for in no instance here was any dividend taken from the insurer or otherwise dissociated from the insurance contract.

In *New York Plumbers Specialties Co., Inc.*, v. *Stein* (140 Misc. 161, at p. 163) the Appellate Term, per CALLAHAN, J., for future guidance in that case, suggested:

" It might well be that the courts would determine that unless the assured exercised his option to have such dividends payable to him

in cash they would be exempt from the attachment by creditors provided no intent to defraud was shown.

" It was held in *Matter of Messinger* (29 F. [2d] 158; certiorari denied, 279 U. S. 855) that section 55-a of the Insurance Law was an exemption act and that, therefore, although the assured had reserved the right under the policy to assign it to himself, the cash surrender value was not an asset available to creditors in bankruptcy. It had been held prior to the adoption of section 55-a that a bankrupt could be compelled to turn over to his creditors the cash surrender value of a life insurance policy. As dividends are available for the payment of premiums or increase of insurance, it would appear a reasonable interpretation to hold that such dividends were ' proceeds and avails ' of the policy and subject to the exemption of the statute."

That suggestion was followed in *Randik Realty Corporation* v. *Moseyeff* (147 Misc. 618), where it was said by LIPPE, J.: " The court is of the opinion that to vest the property right in said dividends in the insured, the insured must first elect to receive same in cash."

In *Matter of Paterno Bros. (Drucker)* (LEVY, J., Sup. Ct., New York County, N. Y. L. J. March 7, 1933, p. 1343) the decision was against the creditor, without opinion.

In the United States District Court, Eastern District of New York, by an order filed February 29, 1936, in *Matter of Keil* (16 Fed. Supp. 862), an order of a referee was reversed because, contrary to the view taken by the court, the referee regarded as " equivalent of a deposit in a savings bank," or the equivalent in cash, dividends which have been left with the insurers, the insurance companies, to accumulate with interest. The decision of the court seems not to be directly in point on the present applications; but what was said by the court is in harmony with the trend of decision: " It is not what might have been done by the insured, but what he has done, that is to be considered. * * * The question therefore is whether these accumulated dividends which the bankrupt has not sought, and which he has chosen to be additional security for his wife and children in case of his death, are to be considered the ' proceeds and avails ' so far as these beneficiaries are concerned, who thus have an interest in the policy. If so they are exempt. * * * The humane purpose of preserving to the unfortunate family of the bankrupt this protection, it seems to me, must be considered. These accumulated dividends, remaining with the company and so attaching to the credit of the policies would, should the occasion arise for the payment of these policies to the beneficiaries, be without question a part of the ' proceeds and avails ' of the insurance and thus protected against the creditors

of the bankrupt. They still are covered by that definition on the facts here. They will continue so to be until and if the insured exercises the power given to him to demand their payment to him in some form. As I have stated, the bankrupt cannot be compelled by this court to exercise such power. Consequently it seems to me there is a material difference, in view of this state law, between the facts here and what they would be had the money been deposited by the bankrupt in a savings bank. In the latter case the bankrupt receives the money and puts it to his own use." (INCH, J., in *Matter of Keil, supra.*) (Also see, generally, *Columbia Bank* v. *Equitable Life Assur. Society,* 79 App. Div. 601.)

Dividends such as are of concern on these applications should be considered exempt, under section 55-a of the Insurance Law, so long as they are not appropriated to the use of the debtor, the insured. They are fruits of the insurance contracts and tend to protect the interests of the beneficiaries in an emergency. The results which have been arrived at by the courts in cases of the kind are eminently just, and indicate the policy of the law as shown by the spirit, if not the letter, of the statute.

No third-party order or subpœna to which either of these applications relates will be vacated. But the third parties will be permitted to apply dividends on account of premiums. No dividend may be so applied other than on premiums for the policy in relation to which said dividend was declared. Each third party order and subpœna, and all injunctive provisions thereof, shall remain in full force and effect, excepting as indicated above.

Settle order.