William Ruvinsky, Respondent, v. Philip Schonberg, Frances Schonberg and Connecticut Mutual Life Insurance Company, Respondents, and Jacob Grossman and Others, Defendants, and Albert Stiefel, as Trustee in Bankruptcy of Philip Schonberg, Intervenor-Appellant. (Appeal No. 1.) William Ruvinsky, Respondent, v. Philip Schonberg, Frances Schonberg, Jacob Grossman, Miss Bob's Coats Co., Inc., Miss Bob's Coats Corporation and Ruth Grossman, Appellants; Connecticut Mutual Life Insurance Company, Respondent, and Others, Defendants, and Albert Stiefel, as Trustee in Bankruptcy of Philip Schonberg, Intervenor-Respondent. (Appeal No. 2.) — In an action brought by a judgment creditor to set aside certain alleged fraudulent transfers of property, judgment modified by striking out the provisions contained therein for judgment against the defendant Ruth Grossman, and for costs against her, and also by striking out the provisions awarding judgment for $750 damages in favor of the defendant Connecticut Mutual Life Insurance Company against

the defendants Schonberg, and directing the payment of said sum by the receiver to said insurance company; and further modified by striking out the provision contained in said judgment for the application of all disability benefit installments that have become due since the bankruptcy of the defendant Philip Schonberg to plaintiff's judgment against said defendant not discharged by his bankruptcy; also the provision that the intervenor has no title or interest in said disability benefit installments and dismissing his cross-complaint upon the merits, and also the provision directing the various insurance companies named in said judgment to pay said disability benefit installments to the receiver appointed by said judgment, and by inserting in said judgment a provision directing said insurance companies to pay to the intervenor all accrued disability benefit installments and those payable hereafter until the claims allowed in the bankruptcy proceeding, with interest and costs of administration in bankruptcy and the costs and disbursements of this appeal, have been paid in full. As so modified, the judgment is unanimously affirmed, with costs to the plaintiff, payable out of the moneys coming into the receiver's hands under the judgment. The findings of fact and conclusions of law will be modified accordingly. The provisions as to defendant Ruth Grossman were the result of inadvertence on the part of the plaintiff, and, prior to the argument of the appeal, he and the intervenor offered to correct the judgment in this respect. This modification will, therefore, be made, without costs. As to the provisions contained in the judgment in favor of the defendant Connecticut Mutual Life Insurance Company, that corporation was not entitled to recover the damages awarded to it. It was merely a stakeholder and had no rights to protect which justified it in interposing an answer raising numerous issues with which it had no concern, and seeking to recover damages by way of counsel fees in defending the action. In our opinion, the right of defendant Philip Schonberg to the disability benefit installments under the various insurance policies held by him was fixed by the respective policies and was alienable. Such right was not, therefore, a mere possibility or expectancy, but was a property right which passed to the intervenor, his trustee in bankruptcy. (See *Legg* v. *St. John*, 296 U. S. 489.) Present — Lazansky, P. J., Young, Davis, Johnston and Adel, JJ. Settle order on notice.