In the Matter of Supplementary Proceedings: FRANCIS H. LEGGETT AND COMPANY, Judgment Creditor, *v.* MAX FRANK, Judgment Debtor.

City Court of New York, New York County, September 14, 1936.

*Abraham I. Levine,* for the judgment debtor.

*Levin & Weintraub* [*Benjamin Weintraub* of counsel], for the judgment creditor.

MADIGAN, J. Does section 55-a of the Insurance Law exempt dividends and interest thereon accumulated under the circumstances here?

The motion is made by the judgment debtor, who seeks to have vacated a third-party subpœna in supplementary proceedings, the insurance company being the third party.

The policy, issued as of November 24, 1926, provides endowment insurance, the insured to be paid $1,000 on November 24, 1936, if still living. If he dies prior to November 24, 1936, the beneficiary is to be paid $1,000.

Dividends apportioned as of November twenty-fourth in every year from 1928 to 1935, inclusive, are held by the insurance company at interest, none of such dividends having been drawn down or otherwise dissociated from the insurance coverage.

The application for the policy was made on a form which recited five dividend options, one of which was to be chosen by the applicant; and he selected the option reading, " (a) Paid in cash." There was another option, option (d), which might, possibly, have been effectual to separate dividends from what would go to the beneficiary should the insured die prior to November 24, 1936, option (d) reading, " Left to accumulate at interest, subject to my order."

Premiums were paid semi-annually; but all premiums which ever might become due were paid prior to the institution of this third-party proceeding.

It is common practice to change and rechange dividend options in life insurance policies. In this instance the dividends were left at interest with the company for a number of years. That procedure would seem to constitute an election under the contract and under the statutes. Inasmuch as the insured during some seven years has not taken down dividends, there is indicated at least a tentative election to permit them to become proceeds and avails of the policy going to the beneficiary if the insured does not survive until Novem-

ber 24, 1936. However, a finding to that effect is not necessary to the decision of the present motion, for in case of death prior to November 24, 1936, the accumulated dividends and interest thereon held by the company serve to increase the fund payable to the beneficiary. They thus serve an insurance function and are, therefore, to be considered proceeds and avails of the policy which, as things stand now, would go to the beneficiary in case of death of the insured, the judgment debtor, prior to November 24, 1936.

The judgment creditor emphasizes the fact that the accumulated dividends and interest thereon can no longer constitute a fund which might be applied to a premium payment inasmuch as no further premium will become due. That must be conceded. Such advantage to the beneficiary cannot in this instance accrue from the accumulation of dividends and interest thereon. Nor from such accumulation can the beneficiary of this policy profit by having same (1) available to pay up the policy or (2) available in case of lapse for an extended term. Nevertheless, the accumulated dividends and interest thereon constitute a fund serving an insurance function as stated above. (See *Robro Realty Corp.* v. *Lazarus,* 161 Misc. 610.)

The foregoing discussion seems to be called for by the briefs. However, the court should not grant relief from the restraint of the third-party subpœna, for the result might be to open the way to the judgment debtor's taking down the accumulated dividends and interest thereon. Under section 55-a of the Insurance Law, there will be an exemption as to the beneficiary, should the insured die prior to November 24, 1936, but there is no exemption for the insured. The motion is denied.