**In re KEIL.** *
No. 195.

Circuit Court of Appeals, Second Circuit.

Feb. 1, 1937.

Nathan Schwartz, of Brooklyn, N. Y. (Max Schwartz and Samuel C. Duberstein, both of Brooklyn, N. Y., on the brief), for appellant.

Samuel Lemler, of New York City, for bankrupt-appellee.

Solon Weit, of New York City (Merwin F. Le Vine, of New York City, on the brief), for appellee Prudential Insurance Company of America.

Albert Hirst, of New York City, for New York State Life Underwriters Association, amicus curiæ.

Before MANTON, SWAN, and CHASE, Circuit Judges.

SWAN, Circuit Judge.

Samuel Keil was adjudicated bankrupt upon his voluntary petition filed June 6, 1935. His trustee in bankruptcy came into possession of four policies of insurance upon the bankrupt's life, each of which named as beneficiary some member of his immediate family. In the case of each policy dividends declared by the insurance company had been left to accumulate to the credit of the policy pursuant to an option expressed in the policy and exercised by the insured long prior to bankruptcy. The trustee sought an order directing that dividends standing to the credit of the policies on June 6, 1935, be turned over to him, but the District Court, reversing the referee, held that they were exempt from reach by the trustee by virtue of section 55-a of the New York Insurance Law (Consol.Laws, c. 28), unless the insured should in the future withdraw them for his own use, in which event they were to constitute unadministered assets of the bankrupt's estate. From this order the trustee has appealed with the leave of this court.

Each of the four policies,[1] which are substantially identical in this respect, provide that the proportion of divisible surplus apportioned by the company to this policy (i. e., dividends) shall at the option of the insured· be either (a) paid in cash, or (b) applied toward payment of premiums, or (c) applied to purchase a participating paid-up addition to the sum insured, or (d) left to accumulate at interest, and "Such accumulated dividends (herein referred to as Dividend Deposits) may be withdrawn in cash by the Insured on any anniversary of the Policy or shall be payable at the maturity of the Policy to the person entitled to its proceeds." This final option was the one that the insured had selected, and on the date of his voluntary petition in bankruptcy accumulated divi-

---

[1] Three of the policies were issued by the New York Life Insurance Company and the quotation of option (d) is taken from one of these. The fourth policy was issued by the Prudential Insurance Company of America. Under the corresponding option, this provided that the dividends, unless withdrawn, should be "payable at maturity of the policy."

*Writ of certiorari denied 57 S.Ct. 941, 81 L.Ed. —.

dends in the aggregate amount of $223.71 stood to the credit of the policies. The accumulated dividends could be withdrawn by the insured only on the anniversary of the policy to which they were respectively credited—no anniversary fell on June 6th—and it is apparent from the quoted language that in the event of the insured's death prior to such withdrawal they would be payable, together with the face amount of the policy, to the beneficiary named therein. Other provisions of the policies provided that in the case of lapse for non-payment of premiums, the accumulated dividends, along with the cash surrender value, were to be automatically applied to the purchase of extended term insurance.[2] It was also provided that the insured reserved the right to change the beneficiary.

The insured's power to withdraw on the anniversary date dividends standing to the credit of his policy when the bankruptcy petition was filed would clearly pass to his trustee under section 70 of the Bankruptcy Act, as amended (11 U.S.C.A. § 110), unless it is excluded as exempt property under section 6 (11 U.S.C.A. § 24). Cohen v. Samuels, 245 U.S. 50, 38 S.Ct. 36, 62 L. Ed. 143; In re Reiter, 58 F.(2d) 631 (C. C.A.2); cf. Holden v. Stratton, 198 U.S. 202, 25 S.Ct. 656, 49 L.Ed. 1018. Therefore the question is whether such dividends are exempted by section 55-a of the New York Insurance Law (Consol. Laws, c. 28), which provides that "If a policy of insurance * * * is effected by any person on his own life * * * in favor of a person other than himself * * * the lawful beneficiary * * * other than the insured * * * shall be entitled to its proceeds and avails against the creditors and representatives of the insured * * * whether or not the right to change the beneficiary is reserved."

This statute has been construed to exempt the cash surrender value of policies on the bankrupt's life payable to his wife, and to prevent his trustee in bankruptcy from compelling him to exercise the reserved power to change the beneficiary for his own advantage. In re Messinger, 29 F.(2d) 158, 68 A.L.R. 1205 (C.C.A.2), cert. denied Reilly v. Messinger, 279 U.S. 855, 49 S.Ct. 351, 73 L.Ed. 996; Schwartz v. Holzman, 69 F.(2d) 814 (C.C.A.2), cert. denied, 293 U.S. 565, 55 S.Ct. 76, 79 L.Ed. 665. If the cash surrender value of a policy is "proceeds and avails" of the policy, it is difficult to see why accumulated dividends, which, unless withdrawn, must be paid to the beneficiary upon the insured's death, or, in case of lapse, be used to procure extended term insurance for the benefit of the beneficiary, should be treated otherwise. True, they differ in some respects; if the insured takes the cash surrender value he destroys the insurance, while withdrawing the dividends leaves the policy still outstanding and merely decreases the sum to be paid the beneficiary upon maturity of the policy by death of the insured, and the sum available for automatic purchase of extended term insurance in case of non-payment of subsequently accruing premiums. But these distinctions are only differences in the degree of injury to the beneficiary's interest in the insurance contract caused by the insured's exercise of the reserved power. Exemption statutes are to be liberally construed, Schwartz v. Holzman, 69 F.(2d) 814, 815 (C.C.A.2); Chatham Phenix Nat. Bank & Trust Co. v. Crosney, 251 N.Y. 189, 167 N. E. 217, and, unless decisions of the state courts compel a different construction, we cannot doubt that section 55-a was intended to exempt these accumulated dividends so long as the bankrupt refuses to withdraw them for his own advantage. Decisions relating to disability payments, which are in the nature of an annuity payable to the bankrupt, are entirely beside the mark. Legg v. St. John, 296 U.S. 489, 56 S.Ct. 336, 80 L.Ed. 345; Ruvinsky v. Schonberg, 248 App.Div. 602, 287 N.Y.S. 637. So also is such a case as Williams v. Union Central Life Ins. Co., 291 U.S. 170, 54 S.Ct. 348, 78 L.Ed. 711, 92 A.L.R. 693.

[2] The New York Life policies state that "The cash surrender value shall be the reserve on the face amount of the policy * * * and any outstanding dividend deposits, * * *" and on default in payment of premium "Insurance for the face of the policy plus * * * any dividend deposits * * * shall * * * be continued automatically as Temporary Insurance. * * *"

The Prudential policy provides that in case of lapse "The company will put in force in lieu of this policy * * * a participating paid up term policy for the full amount insured * * * for such a term as the cash surrender value of this policy increased * * * by the amount of any dividend accumulations standing to the credit of this policy * * * will purchase at single premium term rates. * * *"

Those cases would be pertinent only in the event that the insured had exercised his option to be paid in cash.

The Court of Appeals of New York does not seem to have passed upon the precise point. In the lower courts expressions of opinion and possibly decisions may be found on both sides of the question. In accord see: Randik Realty Corp. v. Moseyeff, 147 Misc. 618, 263 N.Y.S. 440; New York Plumbers Specialties Co., Inc. v. Stein, 140 Misc. 161, 250 N.Y.S. 220; Francis H. Leggett & Co. v. Frank, 161 Misc. 613, 291 N.Y.S. 681; Robro Realty Corp. v. Lazarus, 161 Misc. 610, 291 N.Y.S. 678; Contra, see 242 West 38th Street Corp. v. Meyerowitz, 162 Misc. 488, 293 N.Y.S. 708; affirmed without opinion, 248 App.Div. 708, 290 N.Y.S. 109; Manufacturers' Trust Co. v. Equitable Life Assur. Soc., 244 App.Div. 357, 361, 279 N.Y.S. 457 (dictum). As no authoritative ruling controls us, we adhere to the view already expressed.

Judgment affirmed