PHŒNIX MUTUAL LIFE INSURANCE COMPANY, Plaintiff, *v.* ELIAS M. FELIG, as Administrator c. t. a., of the Estate of MARC KLAW, Deceased, Appellant, Impleaded with ALONZO KLAW, as Committee of the Person and Property of MARC KLAW, JR., Incompetent, Respondent.*

First Department, June 10, 1938.

* Revg. 165 Misc. 691.

*David Goldstein* of counsel [*Thomas Gold Frost* with him on the brief; *Goldstein & Goldstein*, attorneys], for the appellant.

*Mortimer Fishel*, for the respondent.

*Stanley F. Hemlin*, special guardian for Marc Klaw, Jr., incompetent.

*Harry T. Zucker* of counsel [*Sydney J. Schwartz* with him on the brief; *Hollander & Bernheimer*, attorneys], for the National Surety Corporation, *amicus curiæ*.

CALLAHAN, J. In 1905 plaintiff issued two policies of insurance on the life of Marc Klaw in the sums of $15,000 and $10,000, respectively. Marc Klaw, Jr., a son of the insured, was named as beneficiary therein. The insured died in 1936. The policies had been fully paid up in 1925. After the last-mentioned date, and before the death of the insured, dividends had been allowed to accumulate on the policies in the hands of the insurance company aggregating $3,724.51. Plaintiff has deposited these moneys in court to the credit of the action. The deposit is claimed both by the administrator *c. t. a.* of the estate of the insured, and the committee of the beneficiary, who is an incompetent.

The policies provide: " While this policy is in force under its original conditions it will participate in the Company's annual distributions of surplus, provided the premiums due during the next policy year are paid, and the apportioned surplus will be applied only in reduction of such premiums or paid to the insured or assigns on demand."

No premiums were due on the policies when the dividends accumulated, nor were any payable thereafter. The policies contained no provisions for the payment of anything to the beneficiary other than the face amount thereof in twenty equal installments, with the provision that like payments should continue during the lifetime of the beneficiary.

There were no provisions in either policy for the payment of any accumulations to the beneficiary, except that they provided for the payment to him of interest on the reserve value of unpaid installments after the death of the insured.

The policy expressly provided that the accumulated dividends were to be paid to the insured, where no premiums were due.

Because the policies were issued in 1905, section 83 of the Insurance Law, requiring that, in the absence of an election, dividends on any policy issued after January 1, 1907, must be devoted to the purchase of paid-up additions to the policy, has no application.

The representatives of the beneficiary contend that the accumulated dividends should be paid to the beneficiary because of the provisions of section 55-a of the Insurance Law. That statute provides in substance that the beneficiary shall be entitled to the proceeds and avails of insurance policies as against creditors and representatives of the insured. The statute, however, did not take effect until the year 1927 — long after the issuance of the policies in suit.

It is well-settled law that section 55-a of the Insurance Law is not to be construed retrospectively, so as to affect the rights of pre-existing creditors. (*Addiss* v. *Selig*, 264 N. Y. 274; *Matter of Messinger*, 29 F. [2d] 158; certiorari denied, 279 U. S. 855.)

Though the statute, by its terms, is applicable to policies " heretofore or hereafter issued," it would seem clear that it was not intended to affect vested rights or to alter the effect of express provisions in policies issued prior to its passage. Unless the statute be so construed, its constitutionality would be extremely doubtful. Accordingly, we are required to hold that section 55-a had no application to the accumulated dividends involved herein which under a contract made before the passage of that law were the property of the insured and thus became part of his estate at the time of his death.

The present pleadings do not disclose whether or not any testamentary disposition was made of these dividends. Even if no such disposition was made of them, we are of the opinion that section 55-a was not intended as a statute of distribution so as to direct payment to a policy beneficiary of moneys which, in the absence of the statute, under the contract of insurance would be distributed as part of the estate of the insured.

In *Manufacturers Trust Co.* v. *Equitable Life Assurance Society* (244 App. Div. 357) this court considered the question whether an insurance company was required to apply accumulated dividends to the payment of policy premiums, in order to prevent the lapsing of a policy. The insured had elected to allow dividends to accumulate at interest. This court held that, because of such election, the fund accumulated from dividends was the property of the insured, and the company had no right to make any disposition thereof, except in accordance with the insured's instructions. The opinion in that case stated that such accumulation would become payable to the estate of the insured when the policy matured on the insured's death. Although such statement may have been unnecessary to the decision of that case, it correctly states the law applicable to the present situation, *i. e.*, dividends payable under policies issued before the passage of sections 55-a and 83 of the Insurance Law, in which policies it was agreed that dividends were to be the property of the insured.

In *242 West 38th Street Corporation* v. *Meyrowitz* (248 App. Div. 708) this court affirmed an order of Special Term (162 Misc. 488), which held that section 55-a of the Insurance Law did not exempt from the claims of creditors dividends which were payable to an insured on demand. The record there disclosed that the insured under an option contained in the policy had directed that the company hold the dividends for his account. Although that case, unlike the present one, involved a dispute between a creditor and a beneficiary, it was a holding to the effect that contract provisions prevailed when not in conflict with statutory requirements.

*New York Plumbers Specialties Co., Inc.,* v. *Stein* (140 Misc. 161), relied on by the respondent, is readily distinguishable because of the difference in the policy provisions involved. There the policies were issued after the passage of section 55-a. They provided that the dividends were to be applied towards purchase of additional insurance, if the insured did not make any other election. They also provided that any additional insurance or accumulated dividends unpaid at the maturity of the policy were to be payable to the beneficiary. Under such circumstances, the holding that the dividends went to the beneficiary rather than to the creditors of the insured was in accord with the policy requirements, as well as those of the statute.

Although section 55-a is to be liberally construed as a statute of exemption (*Chatham Phenix Nat. Bank* v. *Crosney,* 251 N. Y. 189), it may not be construed to alter vested contractual rights.

Under the circumstances here disclosed, the contract provisions prevail and the dividends are to be paid to the estate of the insured.

The order and judgment should be reversed, without costs, and judgment directed in favor of the defendant-appellant, Elias M. Felig, as administrator *c. t. a.*, of Marc Klaw, deceased, for the sum of $3,724.51, with interest accumulations, without costs.

O'MALLEY, UNTERMYER, DORE and COHN, JJ., concur.

Order and judgment unanimously reversed, without costs, and judgment directed in favor of the defendant-appellant, Elias M. Felig, as administrator *c. t. a.* of Marc Klaw, deceased, for the sum of $3,724.51, with interest accumulations, without costs. Settle order on notice.