**PREVER et al. v. AETNA LIFE INS. CO.**

District Court, S. D. New York.

Nov. 17, 1941.

Herman Scheckner, of New York City, for plaintiffs.

Daniel Miner, of New York City, for defendant.

CONGER, District Judge.

Motion by plaintiffs for summary judgment. The plaintiffs have moved pursuant to Rule 113 of the Rules of Civil Practice and Section 476 of the Civil Practice Act of the State of New York. Both attorneys have stipulated in open court, however, that I may consider the motion as being made under Rule 56 of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c. The defendant has countermoved asking leave to amend its answer; which amendment I allow. Defendant has also moved for summary judgment for the relief demanded in its answer and counterclaim, i. e. that the complaint be dismissed and the policy of insurance be declared lapsed and void except for the non-forfeiture value thereon.

Plaintiffs' complaint purports to allege a cause of action for a declaratory judgment that a certain insurance policy which plaintiff Philip Prever had with defendant be declared to be in full force.

Plaintiffs have two theories of recovery under this complaint: (1) That the policy was wrongfully lapsed by the defendant, and (2) that defendant wrongfully refused to reinstate the same.

I am not concerned with the second. If the plaintiffs are to succeed on this motion, they can do so only on the theory that the defendant wrongfully lapsed the policy.

There is really no dispute about the material facts. There are variances and differences, some of which are trivial and others which have no bearing on the issue. The following are the facts which, from an examination of the pleadings and papers presented to me, are not in dispute:

On December 5, 1923, defendant issued to plaintiff Philip Prever its life insurance policy in the sum of $5,000; payment of the premiums to be on December 5th of each year. The yearly premiums were all paid by the plaintiff prior to December 5, 1940.

There was a provision in the policy for a grace period after December 5th, during which time the annual premium might be paid and during which time the policy would remain in full force and effect; so that on December 5, 1940, and for 31 days thereafter this policy was in full force and effect.

There was also a loan clause in the policy which permitted a loan from the defendant on the sole security of the policy. On

December 5, 1940, and for 31 days thereafter, the policy did have a loan value. Under the terms of the policy, one of the plaintiffs, Mae V. Prever, was named as the death beneficiary. Plaintiff Philip Prever reserved to himself, however, the right to the cash surrender and loan value.

On September 20, 1940, and while the policy was in effect, the defendant was served with a subpoena in Supplementary Proceedings in an action in the Supreme Court of New York County in which Philip Prever was the judgment debtor. Said subpoena was for an examination of the defendant as a third party as to any policies in which the said Philip Prever was the beneficiary. Instead of being examined, the defendant gave to the judgment creditor the information required, which included the information about this policy. There the matter rested; the subpoena was not withdrawn and nothing further done by the judgment creditor or the insurance company in connection therewith.

Printed on the subpoena was a copy of Section 781 of the Civil Practice Act of the State of New York. This section provides in part as follows: "Upon the service of the subpoena upon the judgment debtor any third party who has in his or its possession property or moneys belonging to the judgment debtor or who is indebted to the judgment debtor, such judgment debtor or third party is hereby forbidden to make or suffer any transfer or other disposition of, or to interfere with, any property belonging to the judgment debtor or to which he may be entitled or which may thereafter be acquired by or become due to said judgment debtor, or to pay over or otherwise dispose of any moneys due or to become due to such judgment debtor not exempt by law from application to the satisfaction of the judgment, until the further order of the court." The above was the situation as it existed prior to and on or about December 30, 1940.

On or about December 30, 1940, the plaintiff Philip Prever applied to defendant for a loan on said policy in order to pay the premium then due. He was furnished blanks upon which he could make the application. However, on or about December 31, 1940, the defendant through its general agent refused to make the loan because of the injunction provision in the said third-party subpoena. See letters of December 31, 1940, and January 10, 1941, from the General Agent of the defendant to Philip Prever.

There is no question but that the loan was refused for the above reason. The attorney for defendant in his brief says: "In other words the subpoena was the real ground of the refusal and the defendant did really take the position that it was prevented from making the loan." At any rate, the loan was not made; the premium was not paid and the policy was lapsed for non-payment of the premium.

The sole question presented to the court is whether the insurance company was justified in not making the loan.

This brings up a discussion of the effect of the injunctive feature of the third party subpoena in connection with Section 55-a of the Insurance Law of the State of New York, Consol.Laws, c. 28. This section (now repealed by Section 166) is applicable to any determination concerning this policy insofar as it refers to the beneficiary.

Section 55-a provides, among other things: "If a policy of insurance * * * is effected by any person on his own life * * * in favor of a person other than himself * * * the lawful beneficiary * * * other than the insured * * * shall be entitled to its proceeds and avails against the creditors and representatives of the insured * * * whether or not the right to change the beneficiary is reserved."

Section 55-a was enacted to protect beneficiaries under insurance policies and was never intended to operate to the benefit of the insured. The precise point here involved has never been directly passed upon as near as I can find out. However, it has been held that this section of the Insurance Law exempts in favor of the beneficiary, under a life policy as against a judgment creditor, cash dividends when the insured elected to have the dividends applied toward payment of the premium due. Randik Realty Corporation v. Moseyeff, 147 Misc. 618, 263 N.Y.S. 440. See also Robro Realty Corporation v. Lazarus, 161 Misc. 610, 291 N.Y.S. 678. Cash surrender value of a life policy under similar circumstances has also been held to be beyond the reach of the judgment creditor. Hechtkopf v. Mendlowitz, 156 Misc. 635, 282 N.Y.S. 338. I see no difference between dividends, cash surrender value, and a loan to pay the premium. They are all part of the "proceeds and avails" of the insurance. Inso-

754

far as they are applied to protect the interests of the beneficiaries in the policy they are exempt from judgment creditors.

In the instant case the proceeds of the loan were not to be used by this insured; neither were they for his benefit; they were to be applied to the unpaid premium.

The insurance company would have been violating the terms of the subpoena and the injunction therein contained had they entertained an application of the insured for a loan to himself personally. That is not this case. It is not disputed that the proceeds of this loan were to be applied to the unpaid premium.

The injunction provision of Section 781 of the Civil Practice Act applies only to property of the judgment debtor "not exempt by law from application to the satisfaction of the judgment."

■ I have concluded that the proceeds of this loan, to be used for the payment of the premium, were exempt and might not be reached by judgment creditors. It therefore follows that the injunctive provision of the subpoena was not binding on the defendant, and that it did not legally prevent it from making the loan. The loan under the circumstances should have been granted; the proceeds applied to the policy, which, of course, would have prevented the lapsing; all this of course as a protection to the beneficiary and not to the insured.

The defendant urges that in similar situations among insurance companies, it is the custom for the companies to insist that the judgment debtor apply to the court to have such subpoenas modified for limited purposes—such as to provide for payment of premiums by way of policy loans. My attention has been called to a number of City Court cases in the City of New York. These decisions confirm my finding here. They invariably hold that the policy is exempt insofar as the beneficiary is concerned, but that the insured may not make a loan thereon, nor may he receive the cash surrender value or dividends therefrom, except that a loan might be made for the purpose of paying premiums as they accrue and that the loan may not exceed the premium due. These modifications have been made not because there was any discretion left to the judge, but on the theory that the avails from such a loan were exempt and that therefore the subpoena in

this respect did not enjoin such a loan. I so hold here.

■ It now appears that there was not quite sufficient loan value to pay the premium in full. That does not change my holding. It is admitted by the defendant that the sole reason for their refusal to make the loan was the third party subpoena. The defendant unequivocally refused to make the loan without a modifying order of the court. Under those circumstances, a tender of the difference would have been formal and useless, as it was clearly evident that it would be refused. It is not necessary to make a technical tender under such circumstances. Mahnk v. Blanchard, 233 App.Div. 555, 253 N.Y.S. 307.

The loan value of the policy being exempt from attachment, at least for the purpose of a loan to keep the policy alive, the defendant wrongfully refused to make the loan. The plaintiffs' motion for summary judgment is granted, provided the plaintiff pay to the company the difference between the equity in the policy and the premium. Defendant's cross-motion for summary judgment is denied. Settle orders on notice.