RUTH H. SCHROEDER, Appellant, *v.* ARTHUR C. SCHROEDER, Respondent.

Fourth Department, June 27, 1945.

*William C. Martin* for appellant.

*William F. Fitzpatrick* for respondent.

*Per Curiam.* The complaint, literally construed, is one to recover damages for fraud. On the trial defendant offered no testimony, resting on that offered by plaintiff. From our examination of the record we reach the conclusion that the granting of a nonsuit was not warranted because, unexplained, the plaintiff's testimony presented questions of fact as to the following:

1. Fraudulent concealment by defendant that the policies which were to be assigned to plaintiff, as the result of the oral conversation between plaintiff, her attorney and Ferris on March 25, 1942, had lessened in value, between that date and April 14, 1942, when the formal agreement of the parties was made and signed by defendant on that date, and by plaintiff subsequently.

2. That the lessening in value was due to the act of defendant in withdrawing the dividends on the policies, which materially decreased their value.

3. That defendant knew that Ferris had represented their value to plaintiff as including the dividends, in the event that defendant should subsequently assign them to her.

4. That the representation as to value, although true when made on March 25, 1942, was not so when the agreement of April 14th was executed and the policies assigned to plaintiff.

5. That in entering into the agreement of April 14, 1942, and accepting the assignments of the policies in pursuance thereto, and generally in carrying out her part of the agreement plaintiff relied upon the statement of value of the policies as same had been made to her by Ferris on March 25th, and but for such reliance she would not have entered into the agreement of April 14, 1942, submitted to the jurisdiction of the Florida court, abandoned her own actions in Onondaga County, or accepted the assignments of the policies, all of which facts were known to this defendant prior to April 14, 1942.

6. That Ferris was acting as agent of defendant in making the representations as to the value of the policies, and in making same was acting within the scope of his authority.

7. That from Ferris defendant learned prior to April 14, 1942, that plaintiff considered the dividends standing to the credit of the policies as an item to be included, in the event that she accepted an assignment of them from defendant.

The mere fact that the representations in reference to the policies made by Ferris were true at the time, does not necessarily exclude fault on the part of this defendant. There can be little doubt that, as between these parties — husband and wife — since they were already separated, represented by lawyers, then at grips in the matrimonial courts of this State, they were dealing at arm's length, so that no disclosure was required if there was no duty to make it. Such duty could not be raised merely because the fact was material and was known to one, and not to the other, or by the additional circumstance that the party to whom it was known knew that the other party was actually in ignorance of it, yet, when one of the parties, pending negotiations for a contract, has held out to the other the existence of a certain set of facts material to the subject of the contract, and knows that the other party is acting upon the inducement of their existence, and while they are pending knows that a change has occurred of which the other party is ignorant, good faith and common honesty require him to correct the misapprehension which he has created. (*Loewer* v. *Harris,* 57 F. 368, 373.)

Taking the foregoing view of the testimony, we do not believe that such cases as *Manufacturers Trust Co.* v. *Equitable L. Assur. Soc.* (244 App. Div. 357) and *Phœnix Mutual Life Insurance Co.* v. *Felig* (254 App. Div. 364) are necessarily controlling.

The notice of appeal is from the formal order of dismissal and the judgment entered thereon. Evidently the parties have treated the formal order of nonsuit and dismissal as the judgment and we have so treated it. The order should be reversed on the law and facts and a new trial granted, with costs to the appellant to abide the event.

All concur. Present — Taylor, P. J., Harris, McCurn, Larkin and Love, JJ.

Order reversed on the law and facts and a new trial granted, with costs to the appellant to abide the event.