Benjamin Brenner, J.
Motion for leave to reargue an application for an injunction pendente lite is granted.
*713 Plaintiffs point to Greenberg v. Glickman (50 N. Y. S. 2d 489, mod. and affd. 268 App. Div. 882, motion for leave to appeal denied 268 App. Div. 987) and Schroeder v. Schroeder (269 App. Div. 405) as authority for the proposition that the defendants owed to them the duty to disclose during the negotiations for the sale of the candy store, that the Transit Authority had made an attempt to eliminate the subway station at the store, notwithstanding the absence of a confidential relationship. The authorities cited do hold that under circumstances such as there obtained a disclosure is required even in the absence of a confidential relationship.
Plaintiffs further call attention to a statement purported to have been made by the defendants during the negotiations, contained in the moving papers, which the court did indeed overlook. The words attributed to the defendants read as follows: £ £ There was no reason to imagine that it [the added business from the subway station] would not continue for the balance of the present lease ”.
It is thus the plaintiffs’ contention upon this reargument that this clear-cut representation as to the continuance of subway trade is a circumstance which did require disclosure of the attempted removal of the station, notwithstanding the absence of a confidential relationship, and notwithstanding the fact that the parties dealt at arm’s length.
The defendants deny having made such statement during negotiations. It is however possible that upon trial plaintiffs can show this to be the fact and while plaintiffs have not pleaded precisely as alleged in the moving papers, it appears that since my original decision, Mr. Justice Eilpebiít had sustained the complaint (N. Y. L. J., Sept. 30, 1959, p. 14, col. 4). In this situation it is clear that plaintiffs not only have been held to be entitled to a trial but in the light of the aforesaid, it is also quite possible that plaintiffs may be entitled to a recovery. There is thus an impelling reason for temporarily halting the negotiation of the notes given for the purchase of the store and for maintaining the status quo of the parties to prevent possible irreparable damage to plaintiffs.
In my original opinion (19 Misc 2d 475) I called attention to the fact that the application by the Transit Authority to remove the station and its denial by the city, were facts which were readily ascertainable by plaintiffs by perusal of the public records. This factor, in addition to the elimination of the threat of removal and the absence of a confidential relationship, impelled me to doubt an outcome successful to the *714 plaintiffs and thus convinced me that it would be improper to exercise judicial discretion in favor of granting the injunction. However, the alleged representation that the business from the station would continue for the balance of the lease, would, if true, be the sort of misleading statement as to extrinsic facts, affecting the value of the store, upon which the plaintiffs might have had a right to rely — even to the extent of foregoing a search of public records. (Ellis v. Andrews, 56 N. Y. 83; Chrysler v. Canaday, 90 N. Y. 272.) It is therefore my present view that plaintiffs are entitled to the injunctive relief prayed for on condition that they notice the cause for trial for the December 1959 Term and upon the further condition that plaintiffs shall make payment of the notes by depositing the payments thereon with the Clerk of this court as and when they become due and as already due.
Settle order on notice.