HERITAGE BANK NORTH, SUCCESSOR TO STATE BANK OF RARITAN VALLEY, PLAINTIFF-APPELLANT, v. ASHLEY DEVELOPMENT CORP., ARTHUR W. DIXON, MARTIN L. FENIK AND W.E. ROOSEVELT, DEFENDANTS-RESPONDENTS.

Superior Court of New Jersey
Appellate Division

Argued June 5, 1984—Decided June 26, 1984.

Before Judges KING and BILDER.

*T. Kevin Sheehy* argued the cause for appellant (*Shanley & Fisher*, attorneys; *T. Kevin Sheehy* and *Walter J. Fleischer, Jr.*, on the brief).

*Gail H. Allyn* argued the cause for respondent W. Emlen Roosevelt (*Pitney, Hardin, Kipp & Szuch*, attorneys; *Gail H. Allyn* and *Charles Quinn*, on the brief).

The opinion of the court was delivered by

BILDER, J.S.C. (Temporarily Assigned).

On this appeal we are asked to consider the right of a creditor to reach accumulated dividends on a life insurance policy, a question yet undecided in New Jersey. A judgment creditor appeals from the denial of a motion for the turnover of accumulated life insurance dividends due the judgment debtor. The trial court denied the motion on the ground the dividends were exempt from execution under *N.J.S.A.* 17B:24–6. Appellant alleges that the judgment debtor has converted the accumulated dividends to cash additions to the policy and contends that this should be set aside as a transfer in fraud of creditors.

In July 1983 appellant bank levied upon "monies due or to become due to the defendant ... from two policies of life insurance issued by Connecticut Mutual Life Insurance Company." Defendant's daughters are the named beneficiaries of these policies. The policies provide that, at the insured's option, dividends may be:

(1) paid in cash; or

(2) left with the Company, subject to withdrawal, to accumulate at such rate of interest, credited annually at not less than 2½%, as the Company may determine; or

(3) applied on a premium due hereon; or

(4) converted into a participating paid-up addition to the sum insured hereunder. Any such additions outstanding may at any time be surrendered to the Company for cash in an amount equal to the then reserve thereon.

The policy also provides that:

Any dividends due and unpaid and any paid-up additions outstanding at the maturity of this Policy shall be payable with the sum herein due the insured to the payee (beneficiaries) of such insurance.

Until sometime in May 1983, defendant had opted to allow his dividends to accrue with interest under option (2). Shortly before the writ of execution was issued, defendant converted the accumulated dividends of about $15,000 into cash additions to the policy under option (4).

*N.J.S.A.* 17B:24-6 in relevant part provides:

If a policy of insurance, ... is effected by any person on his own life, ... in favor of a person other than himself, ... then the lawful beneficiary, assignee or payee of such policy, shall be entitled to its proceeds and avails against the creditors and representatives of the insured.

While this statute has not been construed with respect to dividends, it has been construed as to cash surrender value. In *Slurszberg v. Prudential Ins. Co.*, 15 *N.J.Misc.* 423, 192 *A.* 451 (Sup.Ct.1936), a judgment creditor's suit to reach the cash surrender value of the debtor's life insurance policy was dismissed. The court held that "proceeds and avails" as used in the predecessor statute to *N.J.S.A.* 17B:24–6(a) included the cash surrender value. The court recognized the statute's beneficial purpose of "securing ... pecuniary aid and assistance to the beneficiary."

Plaintiff seeks to distinguish *Slurszberg* arguing that the accumulated dividends, unlike the cash surrender value, represents the investment facet of the life policy as opposed to the protection features that are represented by the insurance aspect. It is largely true, as plaintiff contends, that unlike execution on the other features of a life insurance policy, a creditor who reaches the accumulated dividends will not destroy the beneficiaries' contingent interests—the interests which the Legislature has protected by the exemption statute. It is equally true, however, that as long as the accumulated divi-

526

dends remain with the insurance company, they represent a pool from which premiums could be drawn to protect the beneficiaries from a policy lapse for nonpayment.

Although the question is novel in New Jersey, courts in other jurisdictions, and at least one legislature, specifically have included dividends within the scope of the exemption. *Fox v. Swarz*, 235 *Minn.* 337, 51 *N.W.*2d 80, 30 *A.L.R.*2d 739 (Minn. Sup.Ct.1952); *New York Insurance Law*, Sec. 166 (McKinney 1982). We hold that as long as an insured has not elected to withdraw dividends, they should be treated as "proceeds and avails" which enure to the benefit of the beneficiaries and are exempt from execution. See *Fox v. Swarz, supra*, 235 *Minn.* at 349, 51 *N.W.*2d at 86; *Randik Realty Corp. v. Mossyef*, 147 *Misc.* 618, 263 *N.Y.S.* 440, 441 (N.Y.Cir.Ct.1933). This construction accords with the beneficial purposes of the statute.

Affirmed.