862

David L. Charal, of New York City, for bankrupt.

Joseph Dannenberg, of New York City (Julius M. Arnstein, of New York City, of counsel), for trustee.

In re KEIL.

No. 28212.

District Court, E. D. New York.

Feb. 29, 1936.

Samuel Lemler, of New York City, for bankrupt for motion.

Solon Weit, of New York City, for petitioner for motion.

Max Schwartz, of Brooklyn, N. Y., for trustee, opposed.

Albert Hurst, amicus curiæ.

INCH, District Judge.

The bankrupt seeks to review an order of the referee. The Prudential Insurance Company of America likewise petitions for a review of said order.

The question involved is important although it arises here over a small amount of money.

The bankrupt, prior to his voluntary bankruptcy, was insured in certain insurance companies. He paid the premiums out of his earnings, and there is no claim made or indicated that these premiums were excessive or that the bankrupt insured himself or paid the premiums with intent to defraud his creditors.

The details are sufficiently set forth in the report of the referee.

It is not what might have been done by the insured, but what he has done, that is to be considered.

Accordingly, without any fraud or untoward circumstance, and a considerable period before his business trouble and bankruptcy arose, and at the time of the issuance of the policies, the bankrupt duly elected to have the dividends declared by the companies left to accumulate at interest and, in the event of the death of the insured, the amount so accumulated would be paid, together with the principal amount, to the beneficiaries. In two instances these were his wife and his daughter and in one instance his son. In case of lapses of the policies for nonpayment of premium, these accumulated dividends, together with the cash surrender value of the policies, would be applied to extend the insurance, and if the insured should die during the life of the policy thus extended the proceeds likewise would be paid to his beneficiaries.

To be sure it was also provided that the insured might withdraw the accumulated dividends on any policy anniversary, but the bankrupt has never withdrawn any of these dividend accumulations, and at the time of the filing of his petition he could not have done so even if he had wanted to, because the due anniversary date had not then been reached.

The learned referee has held that these accumulated dividends so left at interest by the direction of the insured are the equivalent of a deposit in a savings bank. That they are "cash" as distinguished from "insurance." That they are the property of the bankrupt. That they are not exempt, but belong to his trustee in bankruptcy. That the trustee can now compel the bankrupt to demand the payment of same by order on the bankrupt and the companies, etc.

This is not a case where the policies are payable to the bankrupt. In re Judson et al. (D.C.) 188 F. 702. The form of policy is not such as formerly existed as in Re Slingluff (D.C.) 106 F. 154.

Assuming that the trustee has all the powers given him by section 70 (a) of the Bankruptcy Act, as amended (11 U.S.C.A. § 110 (a), such trustee and his powers are limited by section 6 of said act (11 U.S.C. A. § 24), which provides that a bankrupt is entitled in the District Court to the allowances of exemptions which are allowed in that state at the time of the filing of the petition.

There was, at the time of the filing of this petition, in existence an exemption law

864

of New York State, to wit, section 55-a of the Insurance Law (Consol.Laws, c. 28). This statute had been held to be within the meaning of the aforesaid section 6 of the Bankruptcy Act. In re Messinger (C.C.A.) 29 F.(2d) 158, 68 A.L.R. 1205, certiorari denied Reilly v. Messinger, 279 U.S. 855, 49 S.Ct. 351, 73 L.Ed. 996.

The question therefore is whether these accumulated dividends which the bankrupt has not sought, and which he has chosen to be additional security for his wife and children in case of his death, are to be considered the "proceeds and avails" so far as these beneficiaries are concerned, who thus have an interest in the policy. If so they are exempt.

Since the enactment of this statute by the state of New York, the bankrupt cannot be compelled to deprive these beneficiaries of such interest. In re Messinger, supra.

Exemption laws of this character are entitled to a liberal construction. Hickman v. Hanover (C.C.A.) 33 F.(2d) 873; In re Pinals (D.C.) 38 F.(2d) 117–122, affirmed as Smith v. Metropolitan Life Ins. Co. (C.C.A.) 43 F.(2d) 74; Surace v. Danna, 248 N.Y. 18–24, 161 N.E. 315; Chatham, etc., Bank & Trust Co. v. Crosney, 251 N.Y. 189, 167 N.E. 217; Schwartz v. Holzman (C.C.A.) 69 F.(2d) 814; Crossman Co. v. Florence H. Rauch, 263 N.Y. 264–271, 188 N.E. 748.

The humane purpose of preserving to the unfortunate family of the bankrupt this protection, it seems to me, must be considered.

These accumulated dividends, remaining with the company and so attaching to the credit of the policies would, should the occasion arise for the payment of these policies to the beneficiaries, be without question a part of the "proceeds and avails" of the insurance and thus protected against the creditors of the bankrupt. They still are covered by that definition on the facts here. They will continue so to be until and if the insured exercises the power given to him to demand their payment to him in some form. As I have stated, the bankrupt cannot be compelled by this court to exercise such power.

Consequently it seems to me there is a material difference, in view of this state law, between the facts here and what they would be had the money been deposited by the bankrupt in a savings bank. In the latter case the bankrupt receives the money and puts it to his own use.

Confining my decision to the facts presented, I am compelled to disagree with the referee, and accordingly his order is reversed, with the proviso indicated in the Messinger Case. Settle order.