## In re MEDVED.
### No. 39539.

District Court, N. D. Ohio, E. D.
Nov. 4, 1936.

Harry H. Rose and Harold H. Barnett, both of Cleveland, Ohio, for trustee.

M. S. Stanford, of Cleveland, Ohio, for bankrupt.

JONES, District Judge.

The facts are not in dispute. The bankrupt twice committed perjury in respect of certain of his personal property. In his schedules and before the referee he swore that he had executed a chattel mortgage on the property on June 3, 1935, in the sum of $1,500. His voluntary petition in bankruptcy was filed June 19, 1936. The falsehoods having been exposed and admitted, he now seeks to amend his schedules and to claim the property as exempt under Ohio law. The referee denied the application to amend the schedules.

To find and conclude otherwise would be to reward fraud and perjury. The moral sense of obligations of our people is low enough without condoning a performance, such as is revealed here, through any liberal construction or application of the bankruptcy law in respect of amendment to schedules. The question is not whether the bankrupt shall be allowed exemptions out of property fraudulently or preferentially transferred, but whether perjury committed in bankruptcy proceedings should bar the right to amend schedules in respect of the subject of the perjury. Simple justice compels denial of such right.

Order of referee confirmed; petition to review dismissed.