PHŒNIX MUTUAL LIFE INSURANCE Co., Plaintiff, *v.* JOSEPH KLAW, as Executor, etc., of MARC KLAW, Deceased, and JOSEPH KLAW, as Committee of the Person and Property of MARC KLAW, JR., an Incompetent, Defendants.

Supreme Court, Special Term, New York County, December 31, 1937.

*Elias M. Felig,* for the defendant Joseph Klaw, as executor, etc., of Marc Klaw, deceased.

*Hollander & Bernheimer [Sydney J. Schwartz* of counsel], for the National Surety Corporation.

*Stanley P. Hemlin,* special guardian for Marc Klaw, Jr., an incompetent.

PECORA, J. In this interpleader action the defendant executor has moved for judgment on the pleadings directing payment to him of the fund now on deposit with the court.

On November 28, 1905, the plaintiff issued two insurance policies on the life of Marc Klaw in the sums of $15,000 and $10,000, respectively. The policies were payable to Marc Klaw, Jr., the son of the insured, as beneficiary. Upon the death of Marc Klaw there was to be paid to the beneficiary on each policy, respectively, the sums of $750 and $500 per annum, for a period of twenty years, and a like sum annually until the death of the beneficiary.

The insured died in England on June 14, 1936, and Joseph Klaw, his son, was duly made the executor of his estate. Thereafter, on November 27, 1936, Marc Klaw, Jr., the beneficiary under the insurance policies, was adjudged an incompetent in the Supreme Court, Queens county. His brother, Joseph Klaw, was appointed as his committee.

Apparently the policies had been written on a twenty-year-payment-life plan, because they had become fully paid up in November, 1925. Subsequent to that date dividends were permitted to accumulate in the hands of the plaintiff. At the time of the death of the insured the aggregate of such accumulations was $3,739.51. Neither policy contains any provision concerning the distribution of these dividends. The plaintiff, being in doubt as to whether the dividends should be paid to the executor or the committee of the beneficiary, commenced this action of interpleader, joining both parties as defendants. By an order of this court, dated April 13, 1937, the plaintiff was permitted to deposit the sums in dispute with the clerk of the county of New York, and

was allowed fifteen dollars for its costs and disbursements. As Joseph Klaw is both the executor of the estate of the deceased and the committee of the incompetent beneficiary, he applied for the appointment of a special guardian for the incompetent. Such special guardian was appointed on July 24, 1937. Both the special guardian and the executor have answered, each demanding judgment that the fund deposited in court be paid to him.

The question presented here is solely one of law, namely: Do the accumulated dividends belong to the insured's estate or do they pass to the beneficiary under the policies?

Section 83 of the Insurance Law contains provisions for the distribution of surplus to policyholders and for the manner in which policyholders may exercise the various options described therein. However by its very terms section 83 applies to a " policy issued on or after the first day of January, nineteen hundred and seven." The policies involved herein were issued in November, 1905. Consequently, section 83 cannot be used as a basis for decision. The statute existing prior to the enactment of section 83 of the Insurance Law concerning the distribution of surplus to policyholders gives no clue to the determination of the problem presented. (Laws of 1892, chap. 690, § 83.)

It is urged that, since the policies are silent as to the disposition of the dividends, and since no statutory rule commands a conclusion, the dividends should be treated in the same fashion as ordinary cash dividends on capital stock which has been specifically bequeathed. Thus the proceeds of the policy would go to the beneficiary and the dividends to the estate of the decedent. (Cf. *Matter of Kernochan,* 104 N. Y. 618; *Ford* v. *Snook,* 205 App. Div. 194.) This argument would be tenable were it not for section 55-a of the Insurance Law (Laws of 1927, chap. 468), which I believe is controlling. Section 55-a provides: " If a policy of insurance, whether *heretofore* or *hereafter* issued, is effected by any person on his own life * * *, in favor of a person other than himself * * *, the lawful beneficiary * * * thereof, other than the insured or the person effecting such insurance, or his executors and administrators, shall be entitled to its *proceeds and avails* against the creditors and *representatives* of the insured." (Italics mine.)

This section is retroactive and applies to pre-existing policies. (*Billings* v. *Lynch,* 161 Misc. 496.) None of the reported decisions of our courts construing section 55-a and its applicability to dividends is directly in point, since they do not involve a situation where the insured had died, but relate solely to conflicting claims between creditors of the insured and prospective beneficiaries of

the policies. The opinions rendered, nevertheless, indicate the policy of the courts is to give a liberal interpretation to. that section.

Most closely analogous is *Robro Realty Corp.* v. *Lazarus* (161 Misc. 610). There the creditor of the insured served a third-party order on the insurance company. On a motion to vacate, it was contended that the dividends did not belong to the judgment debtor, the insured. No election had been made by the insured to have the dividends applied on premiums or to have them paid in cash to the insured. Neither was any customary procedure established. The court held that the dividends were not property of the insured. The court there said: " Dividends such as are of concern on these applications should be considered exempt, under section 55-a of the Insurance Law so long as they are not appropriated to the use of the debtor, the insured. They are the fruits of the insurance contracts and tend to protect the interests of the beneficiaries in an emergency. The results which have been arrived at by the courts in cases of the kind are eminently just, and indicate the policy of the law as shown by the spirit, if not the letter, of the statute."

In *Randik Realty Corp.* v. *Moseyeff* (147 Misc. 619) the court said: " The question presented for determination here is whether such dividends are exempt under section 55-a where the insured had failed to elect to receive such dividends in cash but has elected to have same applied to premiums due. The court is of the opinion that to vest the property right in said dividends in the insured, the insured must first elect to receive same in cash."

In *New York Plumbers Specialties Co., Inc.,* v. *Stein* (140 Misc. 161) the court said, per Mr.· Justice CALLAHAN (p. 163): " The courts have decreed that a liberal interpretation should be placed on section 55-a. (*Chatham & Phenix Nat. Bank & Trust Co.* v. *Crosney,* 251 N. Y. 189.) Ordinary cash dividends on capital stock payable to a debtor would unquestionably create a property interest that might be reached by creditors. Whether or not the courts would consider dividends due under a life insurance policy in the same light when the policy is payable to a third person as beneficiary where the assured has various options with respect to the use to which the dividends may be put, is not certain. *It might well be that the courts would determine that unless the assured exercised his option to have such dividends payable to him in cash they would be exempt from the attachment of creditors provided no intent to defraud was shown.*" (Italics mine.)

In *Matter of Keil* (16 F. Supp. 862; affd., 88 F. [2d] 7; cert. denied, 301 U. S. 708; 57 S. Ct. 941; 81 L. Ed. 1362) dividends had

accumulated to the credit of a policy on the life of the bankrupt pursuant to an option in the policy exercised by the insured. The option in terms provided: " Such accumulated dividends * * * may be withdrawn in cash by the Insured on any anniversary of the Policy or shall be payable at the maturity of the Policy to the person entitled to its proceeds."

The court held that section 55-a was intended to exempt these accumulated dividends.

In *242 West 38th St. Corp.* v. *Meyrowitz* (162 Misc. 488; affd. without opinion, 248 App. Div. 708) the insured had exercised an option in the policy similar to that in *Matter of Keil (supra)*. But the court reached the opposite conclusion. However, neither that case, nor *Matter of Keil (supra)* was concerned with " proceeds and avails " of a policy payable upon the maturity of the policy, namely, upon the death of the insured. Undoubtedly this distinguishing feature would have affected the result in *242 West 38th St. Corp.* v. *Meyrowitz (supra)*. Another distinction is that in both of those cases there had been a specific election by the insured. Here no election was provided for in the policy, nor was any exercised.

I, therefore, hold that the dividends deposited by the plaintiff in this action are part of the " proceeds and avails " of the policies of insurance, and as such the beneficiary of the policies is entitled to them as against the " creditors and representatives of the insured," in accordance with section 55-a of the Insurance Law. The executor's motion is denied, and judgment on the pleadings is granted in favor of the defendant committee of Marc Klaw, Jr., incompetent.

Settle order.