**In re FOWLER.**

No. 20986.

District Court, E. D. Pennsylvania.

Aug. 5, 1940.

Samuel D. Frederick, of Allentown, Pa., for petitioner bankrupt.

Isadore Rapoport and Groman & Rapoport, all of Allentown, Pa., for trustee.

BARD, District Judge.

This case arises on a petition for review of the referee's order denying the bankrupt's petition to amend his schedules as respects his claim for exemption.

The facts are not in dispute. Petitioner filed a petition in bankruptcy on July 13, 1939, and in Schedule B–5 thereof under the caption "Property claimed to be exempted by State laws", he noted "Cash—$300.00". However, as revealed by Schedule B–2, there was only $15 in cash at the time. On September 22, 1939, the trustee in bankruptcy filed a report nunc pro tunc setting forth that he was unable to set apart the property claimed for the reason that the " * * * said claim of exemption was insufficiently designated because the bankrupt did not claim any specific property for his exemption, in accordance with law. The Trustee therefore reports that he has been unable to allow the claim of exemption." On September 25, 1939, exceptions to the trustee's report were filed but were withdrawn on October 4, 1939, before argument thereon. On the same day, a petition was filed by the bankrupt to amend Schedule B–5 so that, in lieu of the cash originally claimed, his claim for exemption should consist of certain itemized accounts receivable amounting to $299.70. On October 7, 1939, the trustee filed an answer denying the bankrupt's right to amend on the ground that " * * * the claim of exemption out of certain accounts receivable is now too late for the reason that the said accounts are no longer in the hands of the Trustee, with the exception of the claim of the Penn Restaurant, on which there is a balance due and owing", and because " * * * the petitioner does not allege in his petition to amend, the cause of the error in the schedule originally filed in conformity with General Order XI of the Bankruptcy Act, 11 U.S.C.A. following section 53, and, therefore, the bankrupt is not now entitled to the cash representing the said accounts." On October 9, 1939, the petitioner was granted his discharge in bankruptcy. On February 19. 1940, the

referee entered an order denying the bankrupt's petition to amend and disallowing his claim for exemption. The trustee's brief indicates that, as yet, there has been no distribution to creditors. (p. 2).

In support of his order, the referee reasoned (1) that the petition to amend failed to state the cause of the error as required by General Order XI and (2) that the bankrupt was entitled only to the accounts receivable and not to the cash proceeds thereof and, further, to allow the exemption out of the latter would affect the "adverse rights" of other interested parties. Moreover, he suggested that "The bankrupt instead of attempting to amend his schedules, should have asked leave to reinstate his exceptions."

Upon a consideration of the particular facts involved in light of the governing authorities, I am of the opinion that the bankrupt should be allowed to amend.

Preliminarily, the governing statutory exemption provisions should be noted. Section 6 of the Bankruptcy Act, 11 U.S.C.A. § 24 provides, inter alia, that such exemptions should be allowed to bankrupts as are prescribed " * * * by the State laws in force at the time of the filing of the petition in the State wherein they have had their domicile for the six months immediately preceding the filing of the petition, or for a longer portion of such six months than in any other State: * * *." The applicable Pennsylvania statute entitles the bankrupt to an exemption of property to the value of $300 and provides that he " * * * may elect to retain the same, or any part thereof, out of any bank notes, money, stocks, judgments or other indebtedness to such person." Act of April 8, 1859, P.L. 425, § 1, 12 P.S.Pa. § 2166.

■■ Regarding the alleged failure to comply with the provisions of General Order XI, it should be observed that paragraph 3 of the petition to amend avers "That there was not sufficient cash on hand out of which said exemption could be set aside." Although this is not an explicit statement of the cause of the error, when read in conjunction with the schedules filed and the previous report of the trustee, it contains the clear implication that the bankrupt's original error was due to a mere inadvertence. Moreover, in the furtherance of justice, strict compliance with the foregoing rule need not be required. "The rule is doubtless for the guidance of the court and counsel and in the interest of an orderly administration of the law, but, under the broad discretion of a court of equity, a failure to require a compliance with this rule cannot be urged as prejudicial error." In re Yellow Motor Co., 8 Cir., 34 F.2d 118, 119, certiorari denied Yellow Motor Co. v. Broderick, 280 U.S. 590, 50 S.Ct. 38, 74 L.Ed. 639. Consequently, the non-compliance, if any, cannot be regarded as material.

■■ With respect to the circumstance that the accounts receivable were collected by the trustee prior to the petition to amend, I cannot regard this as fatal to the petitioner's claim. "No bankrupt should be deprived of his exemptions by a narrow and strict interpretation of laws which were passed for his benefit and prompted by a wise and humane public policy." In re Falconer, 8 Cir., 110 F. 111, 115. To deny the bankrupt his exemption because the trustee succeeded in collecting the accounts receivable before the former discovered his error would be to subordinate substance to technicality. Particularly is this so where, as in the instant case, creditors will not be prejudiced by allowing the amendment. The trustee has his duty to the bankrupt as well as to the creditors, and in exemption proceedings leave to amend should be granted liberally. " * * * while the allowance of an amendment·is said to be a matter of grace, the allowance of a claim for exemption is a matter of substantial right, and if, by refusing to allow the amendment, the bankrupt is denied a right which the courts should be astute to recognize and allow, he [the Referee] has gone beyond matters of grace, upon which discretion may be properly exercised, and denied the bankrupt a substantial right, * * *". In re Lenters, D.C., 225 F. 878, 883.

■ As stated in Vol. 3, Remington on Bankruptcy, § 1322, Third Ed. (1923): " * * * leave should not, in general, be refused where the original omission or defect was not in bad faith and where the parties can be put in statu quo. Thus, even after sale, if the proceeds of the exempt property can be definitely distinguished, the bankrupt should be allowed to amend upon reimbursing the trustee for his expenses incurred by reason of the original failure to claim exemptions or to claim them specifically." With regard to the present case, the bankrupt should be allowed to amend and to fix his exemption on the uncollected account and on the cash proceeds of

those collected, provided that he bear his proportionate share of any expenses incurred in converting the accounts receivable into cash.

Accordingly, the referee's order hereby is set aside and the case is remanded, with directions to permit the bankrupt to amend his schedules and to allow his claim for exemption in accordance with the views set forth in this opinion.