### In re ROGERS.
### No. 36027.

District Court, E. D. New York.
May 26, 1942.

298

Trachman & Krosner, of New York City (Irving R. Krosner, of New York City, of counsel), for trustee, for the motion.

. Harry Lyons, of New York City, for bankrupt, opposed.

CAMPBELL, District Judge.

This is a motion to dismiss the petition to review, and re-affirm the Referee's order made on the 14th day of April, 1942, denying the bankrupt's petition to amend.

The facts are as follows:

On November 17, 1939, the bankrupt filed a voluntary petition in bankruptcy in the Clerk's Office of the Court.

The bankrupt's schedules listed liabilities of $154,947.93, and no assets of any value, except wearing apparel valued at $150 claimed to be exempt. No policy of insurance on the bankrupt's life was scheduled, nor was any exemption claimed for such a policy, although the bankrupt was at that time the owner of a policy of insurance on his life, which, at the time of the filing of the petition in bankruptcy herein, had a cash surrender value of $9,270.70.

The bankrupt disposed of his property before filing his petition in bankruptcy, but we are not concerned with that; our only concern is with the cash surrender value of the insurance policy.

The Trustee instituted a summary proceeding against the bankrupt, and his wife, for the turn over of the value of said life insurance policy, which had neither been scheduled, nor claimed to be exempt by the bankrupt in his schedules.

By way of defense it was contended that in the Spring of 1937 the bankrupt had orally assigned the policy to his wife.

On February 25, 1942, the Referee filed his decision, finding that there had been no oral assignment of the policy of insurance, that the bankrupt was the owner of the policy in question, and in possession of it; and that the Trustee was entitled to the cash surrender value of it as of the date of the filing of the petition in bankruptcy herein. The order made by the Referee on March 2, 1942, with other provisions, provided that the bankrupt might within ten days pay the cash surrender value to the Trustee, and in default of which it was provided that he turn over the policy and such instruments as the insurance company would require in order to effect payment to the Trustee of $9,270.70.

The bankrupt and his wife filed petitions to review the Referee's order of March 2, 1942.

On March 17, 1942, after the making of said order by the Referee, and two years and four months after the filing of the petition in bankruptcy herein, the bankrupt made a motion before the Referee to amend his schedules in bankruptcy. The amendment originally sought was to amend the bankrupt's schedules in bankruptcy, so as to list the policy of insurance, as having been assigned to the bankrupt's wife, and to claim an exemption for the assigned policy; this being untenable, the bankrupt changed his request for an amendment by eliminating reference to the alleged assignment to his wife, and asking leave to amend so as merely to show that the bankrupt was the owner of the policy, and that he claimed an exemption of it.

On April 9, 1942, the Referee rendered an opinion denying the motion.

On April 14, 1942, the Referee made the order denying the motion.

On April 21, 1942, the bankrupt filed the petition to review, which I am now considering.

Prior to September 22, 1939, the date when the amendments to the Bankruptcy Act, known as the Chandler Act, went into effect, Section 6 of the Bankruptcy Act, 30 Stat. 548, 11 U.S.C.A. § 24, read as follows: "Exemptions of Bankrupts.—a This Act shall not affect the allowance to bankrupts of the exemptions which are prescribed by the State laws in force at the time of the filing of the petition in the State wherein they have had their domicile for the six months or the greater portion thereof immediately preceding the filing of the petition."

■ Under that statute the overwhelming weight of authority was that the bankrupt could not obtain an exemption out of property recovered by a Trustee, because of a preference, transfer, or concealment. In re Sussman, D.C., 183 F. 331; In re Hupp, D.C., 43 F.2d 159; In re Coddington, D.C., 126 F. 891, 893; In re White D.C., 109 F. 635, 637; In re Wishnefsky, D.C., 181 F. 896, 898; In re Medved, D.C., 17 F. Supp. 639; In re Wunder, D.C., 133 F. 821; In re Burnham, D.C., 202 F. 762; In re Pate, D.C., 293 F. 648; In re Long, D.C., 116 F. 113; In re Evans, D.C., 116 F. 909.

On September 22, 1938, the amendments to the Bankruptcy Act, by what is known as the Chandler Act, supra, became effective, and Section 6 of that Act, Title 11, Section 24, U.S.C.A., as so amended, reads as follows: "§ 24. Exemptions of bankrupts. This title shall not affect the allowance to bankrupts of the exemptions which are prescribed by the laws of the United States or by the State laws in force at the time of the filing of the petition in the State wherein they have had their domicile for the six months immediately preceding the filing of the petition, or for a longer portion of such six months than in any other State: Provided, however, That no such allowance shall be made out of the property which a bankrupt transferred or concealed and which is recovered or the transfer of which is avoided under this title for the benefit of the estate, except that, where the voided transfer was made by way of security only and the property recovered is in excess of the amount secured thereby, such allowance may be made out of such excess."

■ That it was the intent of the Congress, by that amendment, to clear up any uncertainty that there might be, and not to permit an allowance to be made for exemption out of property which is recovered after a preference or fraudulent transfer, is shown by the report of the

House Committee on the Judiciary July 29, 1937, page 9.

Section 6, as amended supra, is much stronger than the Statute which it amended. In Re Ragozinno, D.C., 38 F.Supp. 53, decided after the amendment, where the bankrupt had failed to schedule a policy of insurance, contending that he always believed that it belonged to his wife, the right to claim an exemption was denied, but the bankrupt having applied for leave to amend so as to include the policy in his schedules before the determination of a turn-over proceeding, that portion of his application was allowed. In the case now before me the motion for leave to amend was not made until after the Referee had made the turn-over order, and then not until two years and four months after the filing of the petition in bankruptcy herein.

On all the evidence in this case it clearly appears that the failure of the bankrupt to list the policy in his schedules was deliberate, as he contended that he had orally assigned the policy to his wife, and that he was not the owner, and was, with the intent to prevent the Trustee, and his creditors from being apprised thereof.

The policy at the time of the filing of the petition in bankruptcy herein was, and still is, the property of the bankrupt, and he is not entitled under the conditions and at this late day, to claim exemption.

■ What were the reasons for the failure of the bankrupt to schedule the policy, need not have been shown by the Trustee on the motion to amend, but should be shown by the bankrupt, who is seeking relief, and certainly the bankrupt did not negative the most natural reason, viz., a belief that by his failure to schedule the policy he might cause the Trustee to overlook it, and his creditors to be prevented from knowing of its existence.

■ The findings of fact by the Referee are supported by the evidence, and are not erroneous in any particular, and, therefore, under Order 47 of the General Orders in Bankruptcy, as amended, 11 U.S.C.A. following section 53, they should be accepted. In re Slocum, 2 Cir., 22 F.2d 282, 284, decided prior to amendment of General Order 47; In re Connecticut Co., 2 Cir., 107 F.2d 734, 735.

■ The power of the Court to permit amendments to the petition and schedules in bankruptcy on the application of the bankrupt is found in Order 11 of the General Orders in Bankruptcy, and that Order is for the guidance of the Court in the interests of the orderly administration of the law.

■ While the Court sitting as a Bankruptcy Court is governed by equitable principles, there would be no equity in allowing a bankrupt, as in this case, to deliberately fail to mention the insurance policy in his schedules, and, not content with that, to affirmatively contend in the turn-over proceedings that it had been assigned to his wife, and, only after an adverse decision by the Referee in such turn-over proceeding, allow him, two years and four months after the filing of the petition in bankruptcy, to amend.

The following cases have been cited on behalf of the bankrupt, but all of them are clearly distinguishable on the facts, and need not be separately considered here: In re Fowler, D.C., 35 F.Supp. 9; In re Haskell, 7 Cir., 73 F.2d 879; Kroell v. New York Ambassador, Inc., 2 Cir., 108 F.2d 294; In re Claudon, D.C., 6 F.Supp. 249, affirmed, 7 Cir., 73 F.2d 876; In re Yaeger, D.C., 21 F.Supp. 324; In re Taub, 2 Cir., 98 F.2d 81; In re Keil, D.C., 16 F. Supp. 862, 863.

■ The right to claim an exemption, as to an insurance policy, under the Bankruptcy Act, 11 U.S.C.A. § 1 et seq., was given to the bankrupt, and not to the beneficiary, and he having failed to claim an exemption, or not being entitled to one, notwithstanding the interest of the beneficiary, title to the policy passed to the Trustee. In re Weisman, D.C., 10 F.Supp. 312, 313, 314; Cohen v. Samuels, 245 U.S. 50, 38 S.Ct. 36, 62 L.Ed. 143; Matter of Brecher, 34 A.B.R.,N.S., 800, affirmed, 35 A.B.R.,N.S., 44.

■ Even if the beneficiary, under the law, might have claimed an exemption, that right was voluntarily surrendered by defending in the turn-over proceedings, on the ground that she was the owner by assignment from the bankrupt, which claim of ownership has been overruled and determined adversely to her in that proceeding.

The motion is granted, the petition to review is overruled, denied and dismissed, and the order of the Referee denying the bankrupt's petition to amend, made on the 14th day of April, 1942, is affirmed.