In re Robert Louis COBB, Debtor.

In re Herbert H. MORRIS, Jr., and Judith A. Noonan Morris, Debtors.

In re Jerry Gene LOWITZ, Debtor.

Bankruptcy Nos. 1–79–00910, 1–79–00886 and 1–79–00915.

United States Bankruptcy Court, N. D. California.

March 3, 1980.

William B. Grover, trustee, in pro. per.

Dominic Banducci of Sapper & Stone, Eureka, for Herbert H. and Judith A. Morris and Jerry G. Lowitz, debtors.

Judith Edson of Edson & Klay, Eureka, for Robert L. Cobb, debtor.

## MEMORANDUM OF OPINION RE EXEMPTIONS

CONLEY S. BROWN, Bankruptcy Judge.

WILLIAM B. GROVER was the trustee in each of the above cases and in each, he timely filed an objection to property claimed exempt and all three cases came on for hearing on the same date. In each one of these cases there is a slight variation involving the debtors' right to amend.

In the *COBB* case some claims of exemption were made under the California exemption statutes and at least one claim was made pursuant to 11 U.S.C. § 522. The § 341 meeting was held on January 3, 1980 and trustee filed objection on January 17, 1980 and on January 18, 1980 an amended claim of exemption was made, all claims of exemption were then made pursuant to federal law. Said amendment was made within 15 days of the § 341 meeting and before any claims of exemption became final.

In the *MORRIS* cases the parties claimed exemption pursuant to state law and their § 341 meeting was held on January 3, 1980 and on January 17, 1980 they filed an amendment pursuant to the federal law and on January 28, 1980 the trustee objected to the amended claim of exemption. The amended claim of exemption was filed within 15 days of the § 341 meeting and at a time when the original claims of exemption had not become final.

In relation to the *LOWITZ* matter the debtor claimed exemptions pursuant to state law and had his § 341 meeting on January 3, 1980 and on January 21, 1980 filed an amendment to claimed exemptions pursuant to federal law and on January 28, 1980 the trustee objected to the debtor's amended claim of exemption. In this case no amendment was made within 15 days after the § 341 meeting and the claims of exemption pursuant to state law had become final.

The provisions of Bankruptcy Code § 522 indicated that unless the State legislates against allowance under federal exemptions the debtor may claim either under state or federal law but not both. An election must

be made. If Code § 522 stands alone there should be no problem. When you file the bankruptcy you have made the election.

Unfortunately, the legislative history indicates that it was Congress' intention that if the bankrupt made an improvident choice he would have the ability to amend to claim his better situation in relation to exemptions. In the 1979 Collier Pamphlet Edition of the Bankruptcy Code in relation to legislative history and comments in the last paragraph, on page 235, it is pointed out that § 522 does not specify when the election must be made and further states, "Presumably the Rules will prescribe the procedure." Unfortunately, Bankruptcy Act Rules did not cover the contingency and the proposed Interim Rules do not cover the contingency and the Local Rules of the Northern District of California have not addressed the circumstance.

The Code effectively mandates an election. The legislative history indicates there should be some leeway to amend. There must be some finality to any option.

Faced with the mandate of an election and the flexibility allowed for the benefit of a debtor to allow him a fresh start, where do we draw the line in the absence of rules?

■ It is my determination that the final election should be made by or before the time that others can be hurt in relation to their reliance upon the position taken.

One example should be sufficient to point up the problem and mandate a solution. Where there has been an involuntary preferential transfer both the trustee and the debtor would be able to set aside the transfer and, if the trustee did it would be for the benefit of the estate and he would get a fee for the recovery of the transfer. If the trustee did not seek return of the preference, the debtor could seek the return of the preference for his own benefit if it was within his ability to claim exemptions. If the trustee were to seek return of a preference through letters and telephone calls and perhaps suit and the debtor was then allowed to amend to claim the fruits of the trustee's labor, § 326 of the Code places a limitation on the compensation of the trustee and indicates that his fees are to be computed on "monies disbursed or turned over in the case by the trustee to parties in interest, *excluding the debtor,* . . ." (emphasis added). If the trustee knew that the debtor was going to claim the exemption he probably would not pursue this transfer since all he could recover would be costs and expenses but no fees. With unlimited right to amend in relation to exemptions the debtor could occasion severe financial loss to a trustee attempting to do his duty under the Code. This is deemed by this court to be an intolerable situation. It is further found by this court that to both give the debtor some opportunity to elect and change his election to his best interests and yet to protect the trustee and creditors from harm it should be determined that the election must be made before a claim of exemption becomes final.

■ In other words, when a proper claim of exemption under either the state or federal law becomes final by not being amended or objected to for 15 days or, if there is an objection, when the order eventually becomes final there can be no change.

Based upon the general discussion it will be found as a fact that in the R. L. Cobb case, exemptions were claimed under both state and federal law and since election must be made, such claims could not become final thus when the matter was corrected by the filing of an amended B–4 on January 18, 1980 the amendment could not only be made but it is proper that it be made to correctly make an election and unless there is an objection by the trustee within 15 days of January 18, 1980 the claim of exemptions made on the amended Schedule B–4 will become final.

In the H. L. Morris, Jr. and Judith N. Morris case, claim of exemption was made pursuant to California law and on January 17, 1980 amendment was made claiming exemptions under the federal law. That amendment was timely and the exemption can be allowed unless the trustee's objections which were timely filed to the amend-

ed claim of exemption are meritorious. The trustee's objection in this case was merely based on the fact that the bankruptcy was filed on November 11, 1979 and he claims that they are bound by the election then made. From my assessment of the case that does not follow and his objections should be overruled.

In the J. G. Lowitz case, claim of exemption was made under California statute and the § 341 meeting was held on January 3, 1980 and no objection was made to the claims and said claims then became final on January 18, 1980. The amended claim of exemption pursuant to federal statutes was filed on January 21, 1980 after the original claim had become final and the objection to the amended claim of exemption should be sustained.

The findings and conclusions incorporated in the above memorandum of opinion are hereby adopted as findings and conclusions in relation to these 3 cases and orders shall be entered accordingly.