### In re Rhonda L. MAXWELL a/k/a Rhonda L. Stephens, Debtor.

### Bankruptcy No. 79-03217A.

United States Bankruptcy Court, N. D. Georgia, Atlanta Division.

May 14, 1980.

Roger W. Moister, Jr., Atlanta, Ga., for petitioner.

J. Clifford Johnson, Joel E. Dodson, Douglasville, Ga., for respondent.

ORDER

W. H. DRAKE, Jr., Bankruptcy Judge.

On October 31, 1979, the above-named debtor filed her voluntary petition for relief under 11 U.S.C. Chapter 7. No claim of exemption for any tax refund for the year 1979 was listed; however, on April 3, 1980, the debtor amended her schedule of exemptions to claim a refund of $979.84 for 1979 State and Federal income taxes. The trustee timely filed an objection to this amendment and the matter was scheduled for hearing on May 7, 1980. By agreement of the parties, the matter was submitted by brief to the Court.

It is the contention of the trustee that the time in which a debtor may amend his claim of exemption is limited to fifteen (15) days after the § 341 hearing. This contention is based upon a pre-Code case, *In re James Claude Wilcoxson*, 15 CBC 279 (N.D. Ga.1977) and *In re Lowitz*, 3 B.R. 150, 6 BCD 9 (Bkrtcy.N.D.Cal.1980). The holding in *Wilcoxson* is based upon an interpretation of Bankruptcy Rule 403(b) and (c). These sections have been superseded by 11 U.S.C. § 522 and therefore the holding is inapplicable.

The Court in *Lowitz* held that any amendment to a claim of exemption must be filed prior to the time that such claim

becomes "final". 3 B.R. 150, 151, 6 BCD 9, 10. While not citing a basis for this "finality", the Court stated:

"In other words, when a proper claim of exemption under either the state or federal law becomes final by not being amended or objected to for 15 days or, if there is an objection, when the order eventually becomes final there can be no change." *Id.*

This Court does not find the issue of when an amendment to a claim of exemption may be filed to be so settled. As one commentator has stated:

"A claim for an exemption should be made in the schedules that the debtor must file pursuant to rule 108. An initial failure of the debtor to claim the exemption may be corrected by a seasonable amendment." 3 *Collier on Bankruptcy* ¶ 522.26, p. 522–64 (15th ed. 1979).

Rule 110 allows a petition, schedule or statement of affairs to be amended at any time prior to the closing of the case. Bankruptcy Rule 110. The Advisory Committee's Note to Bankruptcy Rule 110 states:

"If additional property is claimed as exempt by the amendment, the trustee must act thereon in accordance with Rule 403."

The only relevant section of Rule 403 which retains vitality subsequent to the effective date of the Bankruptcy Code requires only that the debtor claim his exemptions in his schedule of property. Bankruptcy Rule 403(a).

■ This Court finds that prior to the adoption of Rules of Bankruptcy Procedure or a relevant Local Rule, Bankruptcy Rule 110 is controlling. A debtor can amend his claim of exemptions at any time prior to the closing of the case subject to an objection by a party adversely affected. As *Collier* states:

"The amendment should be seasonably made, while the property is still being administered by the trustee, unaffected by adverse rights." 3 *Collier on Bankruptcy* ¶ 522.26, p. 522–64 (15th ed. 1979).

While *Collier* does not define what is "seasonable" in relation to the amendment of claims of exemptions, existing case law favors a liberal allowance of amendments.

"The trustee has his duty to the bankrupt as well as to the creditors, and in exemption proceedings leave to amend should be granted liberally." *In re Fowler*, 35 F.Supp. 9, 10 (E.D.Pa.1940); see also, *In re Willie Frances Blair and Matthew Blair*, Case No. 79–03718A (Bk.Ct.N.D. Ga., Order April 25, 1980).

■ The Court finds that the amendment in this case was made prior to the granting of the discharge, that the trustee was still administering the estate, and that there has been no showing that adverse rights have intervened.

It is therefore ORDERED and ADJUDGED that the trustee's objection to the amended claim of exemption shall be and is denied and the amendment to the claim of exemption entered.

IT IS SO ORDERED.