**In the Matter of Teddie and Violet HOUCK.**

**Bankruptcy No. 80–00566.**

United States Bankruptcy Court, E. D. Michigan, S. D.

March 11, 1981.

Ronald L. Passiak, Flint, Mich., for debtor.

Robert I. Leech, Flint, Mich., for trustee.

## OPINION AND ORDER

HAROLD H. BOBIER, Bankruptcy Judge.

### STATEMENT OF FACTS

Teddie and Violet Houck, the debtors herein, filed a joint, voluntary petition in this Court under Chapter 7 of the Bankruptcy Code on June 9, 1980. Attached to their petition was a properly executed claim for certain exemptions on schedule B–4. At the time of filing the petition the debtors had an interest in four twenty-five dollar U. S. Savings Bonds which they could have exempted pursuant to Section 522(d)(5) of the Bankruptcy Code.

At the first meeting of creditors, which was held on July 18, 1980, the trustee specifically inquired as to whether the debtors owned any savings bonds. When he was told that they did, he requested that the debtors turn over the bonds to him since they were not claimed as exempt property in schedule B–4. The debtors subsequently complied with the trustee's request. These four U. S. Savings Bonds constitute all of the assets of the estate which the trustee holds for distribution to creditors.

On July 21, 1980, the debtors substituted a new attorney for the one who originally prepared their petition and accompanying schedules. When the new attorney became aware of the surrender of the bonds to the trustee, he asked the trustee for the return of the bonds based on his representation that he intended to file an amended schedule B–4 to claim them as exempt property. The trustee refused this request, and consequently, the attorney filed a petition to amend schedule B–4 with notice to all creditors on October 15, 1980.

The debtors were granted their discharge on October 28, 1980. Subsequently, on November 7, 1980, a hearing was held on the petition to amend schedule B–4 which was attended only by the attorney for the debtors and the trustee. In essence, the attorney for the debtors claimed that pursuant to Bankruptcy Rule 110 his clients were entitled as a matter of right to amend their claim for exemptions to include the savings bonds, and as a result, to compel the trustee to return the bonds to the debtors. The trustee, on the other hand, claimed that he had justifiably relied on the petition and accompanying schedules as filed by the debtors and that they should not be entitled to amend their claim for exempt property at such a late date. At the request of the Court, the debtors' attorney has filed a memorandum brief to support their petition.

### ISSUE

The only issue for the Court's determination is whether the debtors should be allowed to amend schedule B–4 to include four U. S. Savings Bonds which have a face value of $100.

### OPINION AND ORDER

The ultimate resolution of the issue presented in this case is inextricably tied to the affect of the enactment of the Bankruptcy Reform Act of 1978 ("Code") has on the Bankruptcy Rules which were in effect at the time of the adoption of the new Code. Specifically, what affect does the enactment of the Code have on Bankruptcy Rules 110 and 403? Section 522(b) of the Code sets forth the general rule as to exempt property as follows:

(b) Notwithstanding section 541 of this title, an individual debtor may exempt from property of the estate either—

(1) property that is specified under subsection (d) of this section, unless the State law that is applicable to the debtor under paragraph (2)(A) of this subsection specifically does not so authorize; or, in the alternative,

(2)(A) any property that is exempt under Federal law, other than subsection (d) of this section, or State or local law that is applicable on the date of the filing of the petition at the place in which the debtor's domicile has been located for the 180 days immediately preceding the date of the filing of the petition, or for a longer portion of such 180-day period than in any other place; and

(B) any interest in property in which the debtor had, immediately before the commencement of the case, an interest as a tenant by the entirety or joint tenant to the extent that such interest as a tenant by the entirety or joint tenant is exempt from process under applicable nonbankruptcy law. 11 U.S.C. § 522(b).

Section 522(*l*) provides the procedure under which a debtor is to claim exemptions as follows:

(*l*) The debtor shall file a list of property that the debtor claims as exempt under subsection (b) of this section. If the debtor does not file such a list, a dependent of the debtor may file such a list, or may claim property as exempt from property of the estate on behalf of the debtor. Unless a party in interest objects, the property claimed as exempt on such list is exempt. 11 U.S.C. § 522(*l*).

As a practical matter, the debtor makes a claim for exempt property by filing a schedule B–4, entitled "Property Claimed As Exempt," along with the original petition requesting relief under the Bankruptcy Code. In the present case this was accomplished by the debtors on June 9, 1980, at the time they filed their joint petition in this Court. There being no objection to those claimed

exemptions, they are deemed to be allowed. Subsequent to the first meeting of creditors and after the debtors had relinquished possession of the savings bonds to the trustee, the debtors attempted to amend their claim for exemptions to include the U. S. Savings Bonds and seek their return from the trustee. In support of their petition, the debtors cite Bankruptcy Rule 110 which states in its entirety:

A voluntary petition, schedule, or statement of affairs may be amended as a matter of course at any time before the case is closed. The court may, on application or motion of any party in interest or on its own initiative, order any voluntary petition, schedule, or statement of affairs to be amended. Every amendment under this rule shall be filed in the same number as required of the original paper, and the court shall give notice of the amendment to such persons as it may designate.

The trustee has objected to the debtors' petition to amend schedule B–4, contending that the debtors are barred by laches or otherwise equitably estopped based on the trustee's reliance on the original petition and schedules and his subsequent action in obtaining possession of the savings bonds. It is his position that although the enactment of the new Code has abrogated his duty to file a report on claimed exemptions pursuant to Bankruptcy Rule 403(b), the debtors cannot, as a matter of right, amend their claim for exemptions after the trustee has begun to actively collect assets and administer the estate.

It is this Court's opinion, however, that until new rules for the Code are promulgated, the question concerning amendments to schedule B–4 are to be decided under the existing bankruptcy rules. Pursuant to Bankruptcy Rule 403(b) the trustee must make a report on the debtors' claim for exemptions as follows:

The trustee shall examine the bankrupt's claim for exemptions, set apart such as are lawfully claimed and allowable, and report to the court the items set apart, the amount or estimated value of each, and the exemptions claimed that are not

allowable. The report shall be filed with the court no later than 15 days after the trustee qualifies. If the trustee reports that any exemption claimed is not allowable, he shall forthwith mail or deliver copies of the report to the bankrupt and his attorney.

If the debtors—or any of their creditors for that matter—object to the report filed by the trustee, then the procedure which they must follow is likewise clearly set forth in Rule 403(c) as follows:

> Any creditor or the bankrupt may file objections to the report within 15 days after its filing, unless further time is granted by the court within such 15-day period. Copies of the objections so filed shall be delivered or mailed to the trustee and, if the objections are by a creditor, to the bankrupt and his attorney. After hearing upon notice the court shall determine the issues presented by the objections. The burden of proof shall be on the objector.

If the trustee had followed the procedure established by Bankruptcy Rule 403, then clearly the debtors would not be entitled to amend their claim for exemption at this late date. Since the first meeting of creditors was held on July 18, 1980, both the trustee's report and any objections thereto could not be filed after August 18, 1980. Under Rule 403 the debtors' petition to amend schedule B–4 which was filed on October 15, 1980 would have been untimely. Since this procedure was not followed, the Court must determine the rights of the parties under other applicable bankruptcy law.

The cases which have been decided subsequent to the effective date of the Code which involve amendments to schedule B–4 have come to differing conclusions. For example; in the case of *In re Maxwell*, 5 B.R. 58 (Bkrtcy.N.D.Ga.1980), the debtor was allowed to amend her schedule of exemptions to claim a tax refund more than five months after the original petition was filed and over the trustee's objection to the amendment. The court held that the enactment of the new Code had the effect of

abrogating Rule 403, and consequently, the debtor was entitled to amend as a matter of right pursuant to Rule 110. The case can be distinguished from the present situation, however, in that the amendment in *Maxwell* was made prior to the granting of the discharge and the trustee had not taken possession of the tax refund. Therefore, the *Maxwell* case is far from persuasive on this point.

In the case of *In re Cobb, et al.*, 3 B.R. 150 (Bkrtcy.N.D.Cal.1980), on the other hand, the court addressed the problem of how and when a debtor may change a claim for various state exemptions to the more liberal federal exemptions under Section 522 of the Code in three different consolidated cases. The court concluded that the election between state and federal exemptions must be made before the claim for exemptions can become final. However, the question remained in each case as to when the claim for exemptions becomes final; i. e., at the time of the filing of the original petition and schedules, either prior to or at the first meeting of creditors, or some subsequent point in time. In words fully applicable to the present case, the court in *Cobb* stated:

> It is further found by this court that to both give the debtor some opportunity to elect and change his election to his best interests and yet to protect the trustee and creditors from harm, it should be determined that the election must be made before a claim of exemption becomes final.

> In other words, when a proper claim of exemption under either the state or federal law becomes final by not being amended or objected to for 15 days or, if there is an objection, when the order eventually becomes final there can be no change. *Id.* at 151. *See also In re Duggan*, 4 B.R. 709 (Bkrtcy.Md.Tex.1980).

Although this Court is not prepared to hold that any claim for exemptions is final and binding unless amended or objected to within 15 days of its filing, clearly there is some point in time when a trustee is justified in relying upon the debtor's claim for

exemption and act accordingly. In the present case the debtors did not attempt to amend their claim for exemptions until almost three months after they relinquished possession of the U. S. Savings Bonds to the trustee. Under these facts, it is the opinion of this Court, and it so holds, that the debtors are not entitled to amend schedule B–4 to include the U. S. Savings Bonds, and as a result, to compel the trustee to return them to the debtors. The opposite conclusion would unduly prejudice the heretofore diligent performance of the trustee and the now vested rights of unsecured creditors.

An order shall be entered in accordance with this opinion.